THE STATE, *ex rel.*, CHARLES WESSOLOWSKI, plaintiff in error, *vs.* WILLIAM H. GILBERT, defendant in error.

1. The judge of the county court of Dougherty county has the power under the act of February 5th, 1873, to appoint the clerk of said court.

2. Such power could have been exercised from the time of the passage of the act, although the original act organizing the court provided that the clerk of the superior court of the county shall be *ex officio* clerk of said court.

*Quo warranto.* County Court. Clerk. Officers. Before Judge STROZER. Dougherty county. At Chambers. July 17th, 1873.

Wessolowski, claiming to be *ex officio* clerk of the county court, petitioned the judge of the superior court of the Albany Circuit, for the writ of *quo warranto,* requiring Gilbert to show cause by what authority he was exercising the duties of the office of clerk of the county court of said county, and collecting the fees and emoluments thereof.

Leave was granted to file the petition, and the writ of *quo warranto* ordered to be issued.

Gilbert answered, substantially, as follows: At the date of the passage of the act of August 24th, 1872, creating the county court for Dougherty county, he believes the relator was acting as the clerk of the superior court of said county. Said act provided in the 7th section thereof that the clerk of the superior court should be *ex officio* clerk of the county court, under which relator acted for some time. But said act was amended by act of February 5th, 1873, by the 5th section of which it was provided that the clerk of said county court should be appointed by the judge thereof. Under this authority respondent was appointed by the judge of said court, and was duly qualified, etc. He then entered upon the discharge of the duties of the office, took possession of the books and papers, and is now in full control of all of the insignia of office, claiming to be legally entitled thereto. He submits that the 7th section of the act of August 24th, 1872, was repealed by the amendment of February 5th, 1873.

The court held that the respondent was rightfully in office, and dismissed the information. To which ruling relator excepted.

WILLIAM E. SMITH, for plaintiff in error.

VASON & DAVIS, for defendant.

TRIPPE, Judge.

1. The act of August 24th, 1872, creating the county court of Dougherty county, provided in the 7th section thereof that the clerk of the superior court of said county shall be *ex officio* clerk of the county court. The 5th section of the act of February 5, 1873, amending the former act in several particulars, enacts that the judge of said county court shall have power and authority to appoint a clerk of said court, whose duties and liabilities shall be the same as now required of the clerk of the superior court, by the act of which this is amendatory, who shall take the oath, etc., and give bond with security in the sum of $2,000 00. The act of 1872 required no oath or further bond of the clerk of the superior court. Under this last act the judge of the county court appointed the defendant in error clerk of said court, and plaintiff in error, who is clerk of the superior court, contests his right to said office, and denies that the act of 1873 intended that the judge should exercise this power until a vacancy occurred, and if it did, it was unconstitutional. We think that, under a fair construction of the act of 1873, the judge of the county court did have the power to make the appointment at the time he exercised it. There was no limitation on him as to the time when he could so do. The first act cast the duties on the clerk of the superior court, as *ex officio* clerk of the county court, and the legislature may have thought that the office did not have the guarantees required by the last act. The question might arise, could the act of 1872 require the performance of new duties in another court of an officer already elected, qualified and commissioned? Or, if it could, did the bond he had given as to one office extend to the performance of the duties of another office, which had been created after his qualification, and after he had given bond and security for the performance of the duties of the first? But be this as it may, on the face of the act of 1873 it appears the intention of the legislature was that it should go into effect at once as

to all its provisions. Certainly all provisions of the other sections went into immediate operation.

2. This being so did that make it unconstitutional? Did the act of 1872 confer such a right in the office, or right of property to plaintiff, or did it amount to a contract with the plaintiff in error, that it could not be changed or repealed? If the act of 1872 had been repealed the office would have expired with the court. It has never been doubted in this state that an office created by the constitution may be abolished by the people in convention. If the office be the creation of the legislature, it may be abolished by legislation: 5 W. & S. 418; 6 Sergeant's R., 322; 10 Howard, 414. The case of Allen *vs.* McKeen, 1 Sumner, 277, seems to be in conflict with this, but without pointing out the difference between that case and this, as it grew out of the rights of corporations under a charter, I will only say that in *Dart et al., vs. Houston et al.,* 22 *Georgia,* 535, Judge McDONALD, in the opinion he wrote, said "We cannot recognize it, (Allen *vs.* McKeen) as authority here." In the case of *The City Council of Augusta vs. Sweeny,* 44 *Georgia,* 463, it was held that an incumbent of an office created by the authorities of a municipal corporation, does not have such an interest in the salary as that the corporation cannot at its discretion abolish the office, and by so doing deprive him of his right to tender his services and demand his salary for the full time for which he was elected.

The construction we give to the act of 1873 is such that it operated to repeal the 7th section of the act of 1872, and thereby deprive the plaintiff in error of any claim to the office under said repealed section. If the whole act had been repealed the court and the clerkship would have both fallen. Had the act of 1873 cast the duties of the clerk on the judge, or made him, as did the former county court act of 1866, *ex officio* clerk of his own court, it would have been a repeal of the 7th section of the act of 1872. So did the 5th section of the act of 1873, by giving power and authority to the judge of the county court to appoint the clerk of his court,

by being contrary to and in conflict with said 7th section, abrogate it, under the well known maxim that the last act repeals a former conflicting act. In this last act there was a general repealing clause.

Judgment affirmed.