RALEY, administratrix, *v.* MAYOR AND COMMISSIONERS OF WARRENTON.

1. The original petition set forth no cause of action, and if a cause of action was set forth in the amendment, it was entirely new and distinct from that attempted to be alleged in the original petition. There was, therefore, no error in refusing to allow the amendment, or in dismissing the original petition on demurrer.

2. The body of an affidavit began with the words, " Personally comes Mrs. Joseph Raley," and was signed, "M. N. Raley." Below the signature was the ordinary jurat and the signature of an officer authorized by law to administer an oath. *Held*, that the paper was the affidavit of M. N. Raley, who was presumptively the person referred to therein as Mrs. Joseph Raley.

Argued May 18, — Decided June 9, 1904.

Action on contract. Before Judge Lewis. Warren superior court. October 6, 1903.

The petition of Joseph Raley against the Mayor and Commissioners of the Town of Warrenton alleged : In pursuance of the authority conferred by the charter of the town the defendants created the office of deputy or night marshal, in additition to the office of marshal. Petitioner filed his application for one of the marshal's or deputy marshal's positions, and he was by the defendants duly elected deputy or night marshal of the town, and his salary fixed at $300 per annum. Petitioner construed the action

of the defendants as electing him for one year, and accepted the position as a contract for a year. Petitioner entered upon the discharge of his duties and faithfully performed the same. After having served a few months, petitioner was discharged by the defendants without any charges having been preferred against him, and without any opportunity having been given him to defend himself against any charges; this notwithstanding a section of the code of the town provided that no officer should be discharged until he had been given notice of and an opportunity to defend himself against any charges which had been preferred. Petitioner has always been ready and willing to perform his part of the contract, and faithfully discharged the duties of the office as long as he was permitted to do so. He alleges "that by the breach of said contract of employment" he has been damaged in the sum of $187.50, the amount of his salary from the time he was discharged to the expiration of one year from his appointment. Attached to the petition are exhibits of the proceedings of the defendants and the section of the town code referred to in the petition. From these it appears that during a regular session of the defendants one of the commissioners proposed that two marshals be elected instead of one as theretofore, and that they be paid $600 between them. This motion was carried. The petitioner's application "for one of marshal position for Town of Warrenton" was then considered. Petitioner was nominated and elected "for night marshal," and his salary fixed at $300 per annum. All this took place in the early part of 1901. On June 15, 1901, the defendants met in regular session, and one of the commissioners "moved to dispense with the night marshal, thereby curtailing that expense." This motion was carried. Defendants demurred to the petition on the grounds that it set forth no cause of action; that having created the office of night marshal, the defendants had a right to abolish it in their discretion; that the office being created by ordinance, it could be abolished at any time, even though the incumbent was elected for twelve months. In response to the demurrer the petitioner tendered an amendment, by which he offered to strike from the petition all the allegations thereof to the effect that he held "any office" in the municipality, and by alleging in lieu thereof that "he was employed by defendants as night marshal" for twelve months at a compensation of $300 per year. The

defendants objected to the amendment, on the ground that it set forth a new and distinct cause of action. This objection was sustained and the amendment disallowed. The court then sustained the demurrer to the original petition and dismissed it. Pending the case in the trial court the plaintiff died, and his administratrix was made a party in his stead. She sued out a bill of exceptions complaining of the judgments above referred to. This bill of exceptions was sued out in forma pauperis, and the affidavit made to avoid the payment of costs, after being properly entitled, is as follows:

" Georgia, Warren County. Personally comes Mrs. Joseph Raley, plaintiff in error in a bill of exceptions filed in the above-stated case, and on oath says that the estate of Joseph Raley, deceased, is, because of its poverty, unable to pay the costs in said case. Because from her poverty as an individual, she is unable to pay the costs in said case. · 　　　　　　M. N. Raley."

" Sworn to and subscribed before me, this the 10th day of October, 1903. L. D. McGregor, N. P., Warren County, Georgia."

Some question having been raised as to the sufficiency of this affidavit, the point is dealt with in the opinion.

*L. D. McGregor* and *S. H. Sibley*, for plaintiff.

*E. P. Davis*, for defendants.

COBB, J. (After stating the foregoing facts.) 1. The charter of the Town of Warrenton provides that the municipal authorities may from time to time elect a marshal, who shall remain in office twelve months, unless removed. Acts 1859, p. 212, sec. v. One regularly elected to the charter office of marshal of the Town of Warrenton can not, during the term for which he was elected, be legally discharged from that office, unless removed in the manner prescribed by law. See, in this connection, *Shaw* v. *Mayor and Council of Macon*, 21 *Ga.* 280. If, however, the municipal authorities of the Town of Warrenton create an office which the charter does not provide for, and elect one to the office thus created, they may, at their pleasure, abolish the office, and thus discharge the municipality from liability to the officer, notwithstanding his term as prescribed by the ordinance creating the office has not expired. *City Council of Augusta* v. *Sweeney*, 44 *Ga.* 463. The proceedings of the municipal authorities, shown in the ex-

hibits to the petition, can be construed in two ways; that is, creating two offices of marshal, or recognizing the charter office of marshal and creating in addition thereto the new office of night marshal. If they be construed as providing for two officers, each having the powers and duties of a marshal, then the action was either void, as beyond the charter authority of the defendants, or neither office thus provided for was the charter office of marshal. The charter provided for only one marshal, and recognized no such office as night marshal; and therefore, if the action of the defendants be construed as referring to such an office, the position to which Raley was elected was a creation of the defendants. Under either view, Raley was never elected to a charter office; and when the office to which he was elected was abolished, his right to tender his services and demand compensation was at an end. But it is said that the petition as originally framed was not to recover salary due an officer, but was to recover an amount due under a contract of employment between the town authorities and Raley. The petition is not capable of this construction. The words "employment" and "employ" may have been in the petition, but the words "office" and "officer" are more prominent in the allegations, and the averments as a whole leave no other impression than that it was the purpose of the pleader to treat the position which Raley occupied as that of an officer, rather than that of an employee under contract. Giving the petition the construction indicated, it set forth no cause of action. The purpose of the amendment being to recover under a contract of employment, if it set forth any cause of action at all, it was one entirely new and distinct from that attempted to be alleged in the original petition. It may be that the municipal authorities could make a binding contract, for a specified time, with an individual for the performance of services of the character indicated in the petition. See *Alexander* v. *Americus*, 61 *Ga.* 36. But upon this question we do not now pass.

2. The signature of the affiant is necessary to the validity of an affidavit in this State. *Hathaway* v. *Smith*, 117 *Ga.* 946, and cit.; *Beach* v. *Averett*, 106 *Ga.* 74. The pauper affidavit, if an affidavit at all, is therefore the affidavit of M. N. Raley. The question therefore is, does it appear sufficiently from the face of the affidavit that the affiant is the plaintiff in error? The

plaintiff in error is Mrs. Joseph Raley, and the jurat of the officer who administered the oath is, in effect, a certificate that Mrs. Joseph Raley appeared before him and subscribed this affidavit; and the affiant, M. N. Raley, is thus identified as the person who is referred to in the body of the affidavit as Mrs. Joseph Raley. See, in this connection, *Loeb* v. *Smith*, 78 *Ga.* 504. The affidavit was sufficient to relieve the plaintiff in error from the payment of costs.           *Judgment affirmed. All the Justices concur.*