*R. L. & H. C. Cox,* for defendants.

---

### 15230.  HALL COUNTY *v.* QUILLIAN.

STEPHENS, J.  1.  A public office being a public trust or agency, and the incumbent having no property right therein, and therefore no contractual right of continuous service therein, the compensation fixed by law for services rendered by a public official may, unless prohibited by law, be reduced during his term of office. *Gray* v. *McLendon,* 134 *Ga.* 224 (67 S. E. 859).

2. The act of 1913 (codified in Park's Code, §§ 1116 (g), (h), (i)), creating the board of county tax-assessors, and empowering the board of county commissioners in certain counties to appoint the tax-assessors for terms of six years, and providing that the tax-assessors "shall be paid as compensation for their services such an amount as may be fixed from time to time by the board of county commissioners," but not less than $3 per day each, does not prohibit the county commissioners from reducing, during the term of office of a tax-assessor, the compensation originally fixed in excess of $3 per day. Since the board of county commissioners is not otherwise prohibited from reducing the compensation of the tax-assessors during their terms of office, the board has the right, at any time during the term of office of a tax-assessor appointed under this act, to reduce and refix his compensation, provided the compensation is not less than $3 per day.

3. The power given to the board of county commissioners to fix from time to time the compensation of the tax-assessors is to be construed as giving the board the right to change the compensation of any tax-assessor during his term of office.

4. Applying the above rulings, a tax-assessor who was appointed for the term of six years at a fixed compensation of $5 per day cannot, after having served the appointed time, collect compensation from the county for his entire term, at the rate thus originally fixed, after the county commissioners had, during the term, reduced such compensation. He can only recover the compensation fixed from time to time by the board of county commissioners. Such fixed compensation having been paid, the assessor cannot, in a suit against the county, recover any additional compensation at the rate originally fixed upon entering upon his term of office.

5. In a suit by the assessor against the county, a finding for the plaintiff for such excess was without evidence to support it, and contrary to law.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 13, 1924.

Complaint; from Hall superior court—Judge J. B. Jones. November 10, 1923.

*H. H. Perry, A. C. Wheeler,* for plaintiff in error.

*Ed. Quillian, Luther Roberts, C. N. Davie,* contra.