## WILEY *v.* DOUGLAS.

No. 7042.   June 12, 1929.

*W. I. Geer,* for plaintiff.  *A. H. Gray,* for defendant.

HINES, J.  (After stating the foregoing facts.)

■  The act of February 28, 1876, created a board of commissioners of roads and revenues for Early County, and defined their duties. This act provided that the first board of commissioners provided thereby should be appointed by the grand jury at the next spring term of the superior court, and should hold their offices until the next regular election for county officers for said county, when their successors should be elected and be commissioned as other county officers, their terms of office being for two years. It is a curious fact that this act does not provide for the number of commissioners to be appointed or elected thereunder, while it provides that three members of said board were necessary to constitute a quorum to transact business. Acts 1876, p. 274. By the act of February 17, 1877, the above act was amended. By the amending act five named persons were appointed a board of commissioners of roads and revenues for said county, who should enter upon the discharge of their duties as such as soon as they should have taken the oath required of civil officers of this State, and they should hold their offices until their successors should have been elected and commissioned as therein provided. By this act said board of commissioners should consist of five freeholders of said county, their terms of office should be for two years, they should be elected by the people as other county officers, and they should enter upon the discharge of their duties as such board as soon as they should have been commissioned by the Governor. Acts 1877, p. 255. On August 18, 1913, the legislature passed another act entitled "An act to amend an act to create a board of commissioners·of roads and revenues for the County of Early, and to define the duties of the same, to add another member to said board, to separate said board into committees, and to define the duties of each committee, and for other purposes." While this act does not expressly refer to the above act of February 17, 1877, it plainly has reference thereto. The first section of this act declares that the board of commissioners of said county shall consist of six members, who shall serve until their successors are elected as thereinafter stated. By the second section it is provided "That the mem-

bers of said Board of Commissioners shall be those now holding the offices of county commissioners for the County of Early, together with Jno. D. Abernathy." By the eighth section of this act the terms of the members of the board of commissioners were fixed for four years, and it was provided that the first election for the members of said board should be held in the year 1916, and an election for that purpose should be held every four years thereafter, in the same manner and at the time prescribed for the election of members of the General Assembly, except that the election for these commissioners should be held every four years instead of every two years. Acts 1913, p. 382. No election of said officers was held under this act, for the reason that the provision for an election in 1916, and for subsequent elections, was repealed by the act to which we now refer.

By the act of August 16, 1915, the act of August 18, 1913, was repealed. This repealing act provided that its effect should be to restore "the law on the subject of the board of county commissioners of roads and revenues for the County of Early to the same condition it was on the day when said act above referred to was passed," but with a further provision "that the present board of county commissioners who constituted said board at the time of the passage of the above-named act hereby repealed shall continue to serve until their successors are elected." These successors were to be elected at the next general election for county officers held in the County of Early, and the term of office for the members of said board should be for four years, "as other county officers' terms now are." Acts 1915, p. 214. It will be observed from the act last cited that the county commissioners in office at the time of its passage should continue to serve until their successors were elected, and that their successors should be elected at the next general election for county officers held in said county, and that the term of office of members so elected should be for four years. The first election for these successors took place in 1916, and under this act succeeding commissioners were elected every four years until this act was subsequently changed, as will be later shown. The legislature then passed the act of August 17, 1917, the caption of which is set out in the statement of facts. By this act it is provided that the county shall be divided into five named divisions, and that the commissioners shall be elected by the qualified voters

of the entire county, but the member receiving the highest vote from each of the respective districts shall be elected as commissioner from that division, and the five members thus elected shall constitute the board of county commissioners. This act contains the provision that "the acts creating and regulating the said board of county commissioners of Early County are. modified accordingly, but in other respects shall remain the same." Acts 1917, p. 349. It will thus be seen that the terms of these offices continued, under this act, to be for four years. On August 16, 1922, the legislature passed another act entitled "An act.to amend an act approved August 17, 1917, relating to the board of commissioners of roads and revenues of Early County, so as to fix the term of office of said commissioners, to provide per diem for their services, and for other purposes." By this act the act of August 17, 1917, was amended by adding thereto this section: "The term of office of said board shall be two (2) years; provided, that the provisions of this section shall not go into effect until January 1st, 1925." Acts 1922, p. 353. Thus the terms of these county commissioners remained for four years until January 1, 1925, after which these terms were for the period of two years. Properly construed, this act means that the terms of county commissioners elected after January 1, 1925, should be for the term of two years, and not that these terms should begin on January 1, 1925. At the general election in 1926 the relator was elected a member of the board of county commissioners of Early County. He was elected after the act of August 16, 1922 was passed. By the terms of this act he could only have been elected for a term of two years. He was, however, commissioned by the Governor for the term of four years. When a term of office is fixed by statute and a commission is issued by the Governor for a longer term, the statute and not the commission determines the term for which the officer holds. Bennett v. Public Service Commission, 160 Ga. 189, 192 (127 S. E. 612). If this act of 1922 was not unconstitutional and void, the relator was not elected for a term of four years, and would not be entitled to hold the office of county commissioner for a period of four years, notwithstanding the fact that he was commissioned by the Governor for four years. He would, however, be entitled to hold this office, under his election and commission, until his successor was duly elected and qualified. Civil Code (1910), §§ 261, 6608.

666

The relator was not elected to fill a vacancy on the board of county commissioners. There was no vacancy in the membership of the board. Civil Code (1910), §§ 264, 302. He was elected, if the act of 1922 was valid and constitutional, for a new term of two years. But the relator contends that the acts of 1917 and 1922 were both unconstitutional and void, for the reason that they undertook to amend the previous acts relating to the election of county commissioners by mere reference to their titles and without specifying the alterations to be made in the previous acts, in violation of paragraph 17 of section 7 of article 3 of the constitution of this State, and that in consequence he was elected under the act of 1915 for the term of four years, which had not expired when the respondent claims to have been elected in 1928. We deem it unnecessary to determine whether this contention of the relator is well founded. We shall undertake to show that, if he was elected for a term of four years, his office was abolished by the act of the legislature to which we shall now refer. By the act of July 30, 1927, the legislature passed an act to repeal the act of August 17, 1917, hereinbefore referred to, to provide for a division of Early County into five districts, to provide for the method of selecting members of the board of county commissioners of Early County, to fix their duties and compensation, and for other purposes. By the second section of this act it is enacted "that there is hereby created in said Early County a board of county commissioners, which board is hereby required to assume and discharge all the functions of the board of commissioners as it now exists; said new board to consist of five members." Said act further provides for the division of Early County into five named districts. It further provides that in the selection of members of this board one member shall be elected from each of the five districts. It further provides that "within three months after the passage of this act it shall be the duty of the election authorities of Early County to call an election in said county for the purpose of filling the five offices herein created, and that as soon as the persons elected at such election shall qualify they shall meet and organize by selecting one of their number as chairman," and by selecting a secretary. It further provides that "as soon as these officers shall be chosen, the said board shall take over and assume the duties and functions of the board of county commissioners abolished by this act." This act further provides

"that the members of said board shall be elected and hold office for the term of four years." This act repeals "all laws and parts of laws in conflict with the provisions" thereof. Acts 1927, p. 564. By this act the board of commissioners existing at the time of its passage was abolished, and a new board of commissioners was created. After its passage no members of the board thereby created could be elected except in accordance with its provisions. This act provides the method of election of the members of the new board thereby created. "The election authorities" of the county were required within three months to call an election for the purpose of choosing the five members of the new board. No election for this purpose could be held except upon such call. We do not mean to hold that, if the election authorities failed to call such election within three months after the passage of this act, no election could thereafter be called by these authorities. On the contrary, we think the election could thereafter be called by these authorities. What we mean to hold is that there could be no election for this purpose under this act unless it was called by these authorities. The petition in this case alleges that no such election was ever called or ever held. The court below rendered its judgment upon the facts alleged in the petition, and therefore this allegation must be taken as true. It follows that no election has ever been held in this county for the election of the new board created by the act of 1927.

What, then, is the effect of this act upon the existence of the board of commissioners in office at the time of its passage? That board was abolished by this act. Fairly construed, the functions of that board did not cease immediately upon the passage of this act. The new board could not commence to function until its members had been elected and qualified. The act creating the new board expressly declares that as soon as the members of the new board are chosen they shall take over and assume the duties of the board thereby abolished. By necessary implication this provision means that the abolished board should continue to function until the members of the new board had been chosen and qualified. The act of 1927 did not create a cessation of the conduct of the affairs of the county over which the board of abolished commissioners had jurisdiction. The power of the abolished board over these matters did not become functus officio upon the passage of the act of 1927; but the jurisdiction of that board over the county affairs entrusted

to its control continued until the members of the new board were elected and qualified. This being so, the members of the board abolished by this act were authorized to hold their offices and discharge the duties thereof until their successors, authorized by the act of 1927, were elected and qualified. This being so, the relator, who was elected in 1926 to membership upon the abolished board, was authorized to hold over, after the expiration of his term or the abolition of his office, until the successors to the members of the board of which he was a member were elected and qualified. So we are of the opinion that under the allegations of the petition the relator made a case entitling him to the writ of quo warranto to test the title of the respondent to this office. Of course, if an election was called and held as provided by the act of 1927, whether within three months from its date or not, and the respondent was elected a member of the new board at such election, the relator would not be entitled to this office.

Furthermore, if the relator had been elected for the term of four years, it was competent for the legislature to abolish the board of which he was a member. *City Council of Augusta* v. *Sweeney,* 44 *Ga.* 463 (9 Am. R. 172); *Wessolowski* v. *Gilbert,* 51 *Ga.* 224; *Gray* v. *McLendon,* 134 *Ga.* 224, 249 (67 S. E. 859).

The petition further alleges that the respondent claims title to this office by reason of his election thereto in 1928 under the act of 1922. This allegation must be taken to be true, as the judge acted upon the facts set out in the petition alone in denying to the relator the relief which he sought. There could be no election in 1928 under the act of 1922, because the latter act was repealed by the act of 1927. The respondent acquired no title to this office by election under the act of 1922. The situation, then, is this. Under the facts alleged in the petition, on which alone the judge acted in rendering his judgment, the relator was holding this office for a term of either two or four years, at the time the act of 1927 was passed. This act abolished his office, not immediately upon its passage, but upon the election and qualification of the members of the new board thereby created, which event had not occurred when this case was heard. In consequence of this situation the relator is entitled to hold this office until the members of the new board are elected and qualified.

From the facts appearing in the petition, the respondent ac-

quired no title to this office by an election held in 1928 under the act of 1922, which had been repealed by the act of 1927. The relator's office was abolished by this act, to take effect upon the election and qualification of the members of the new board; but as these members had not been elected and qualified under this act, the relator holds over until they are so elected and qualified. It follows that the court erred in denying the relief prayed by relator under the facts of his petition.

■ The constitutionality of the acts of 1917 and 1922 is attacked upon the ground that they violate the provisions of paragraph 17 of section 7 of article 3 of the constitution of this State. We do not deem it necessary to pass upon the constitutionality of these acts, for the reason that this case can be properly disposed of without a decision of this question. In such a case this court will not undertake to pass upon the constitutionality of the acts attacked. *Hoover* v. *Pate,* 162 *Ga.* 206 (2) (132 S. E. 763). The office of the relator, whether he was elected for a term of four or two years, or whether he was elected under either of the acts attacked, or under some prior act relating to the election of county commissioners of his county, was abolished by the act of 1927, the constitutionality of which is not attacked in this proceeding; and he could not hold said office after the election and qualification of the members of the new board created by this act. He could hold his office, after the passage of said act which abolished the board of which he was a member, until the election and qualification of the members of the new board. In this view of the case it is unnecessary to determine the constitutionality of either of these acts. We reverse the judgment of the court below solely upon the ground that it appears from the allegations of the petition that no election was called and held under the act of 1927 for the election of members of the new board thereby created, which fact alone entitles the relator to continue to serve as a member of the board abolished by that act.

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*