25402. CITY OF NASHVILLE *v.* WHITLEY.

DECIDED JUNE 30, 1936.

*William Story, H. L. Jackson,* for plaintiff.

*E. R. Smith,* for defendant.

MacINTYRE, J. On January 3, 1933, the mayor and council of the City of Nashville, in regular session, elected the various officers for the ensuing year, and elected Wesley Griner as night marshal at a salary of $50 per month. In the resolution electing the officers the following provision was incorporated: "All the above were elected or employed by the month, and subject to be dismissed on failure to perform duties for which they are employed." Wesley Griner declined to accept the position as night marshal. On January 10, 1933, the mayor and council in regular session elected B. E. Whitley to take the position. The charter of the City of Nashville (Georgia Laws 1910, p. 963, sec. 10), provides: "That there shall be elected annually by the mayor and aldermen a mayor pro tem., clerk of council, city treasurer, tax-assessor or assessors and collector, city attorney, marshal, chief of police, and such other officers and men as may be necessary to constitute the police force in the city, and also such other officer or officers, agents, and servants of the city, as the city council shall consider expedient, who shall each hold office for one year, or until his successor is elected and qualified, unless removed for cause to be judged by the mayor and aldermen. Any two or more of said offices, except that of mayor pro tem., and treasurer, may be combined and held by one person. They shall receive a reasonable sum as compensation for their services, to be fixed by the mayor and aldermen preceding every election, which shall not be increased or diminished during their continuance in office. . . All officers, agents, and servants of the city, appointed or elected by the city council shall at all times be subject to the jurisdiction of the same and amenable to their discipline, and the city council shall have the power at any time to suspend, fine, or remove any of said

persons from the offices or positions held by them respectively, by a majority of the vote (the mayor voting), for any cause that may seem just or proper, after a fair opportunity to be heard." In sec. 12 the act provides: "That the mayor of the city shall be the presiding officer of the city council. He shall also be the chief executive officer of the city government, and shall see that all laws, ordinances, orders, by-laws, resolutions, and regulations of the city council or of any departments of the city are properly executed and enforced, and that all officers of the city shall properly execute and perform their duties. He shall have special control of the police of the city, and shall see that the peace and good order of the city are preserved, and that persons and property therein are protected; and to this end he may cause the arrest and detention of all violators and disorderly persons in the city before issuing warrants therefor."

"One reguarly elected to an office created under a city charter which prescribes the term of office, can not, during the term for which he was elected, be legally discharged from that office, unless removed in the manner prescribed by law." *City of Macon* v. *Bunch,* 156 *Ga.* 27, 29 (118 S. E. 769). So, under a charter which declares that the night marshal shall hold office for one year and be subject to removal by a majority vote of the city council (the mayor voting), for any cause that may seem just or proper *after a fair opportunity to be heard,* the night marshal can not be summarily removed during the term for which he was elected either by the mayor or the council until he has been given a fair opportunity to be heard. The term of office by the charter was for one year. The mayor and council had the power to have an election. They acted. The election was regular; and even if the resolution is construed to mean an attempt to elect for one month, or at will, or any time other than that prescribed by the charter, this limit of the legal period of the time did not change the charter or limit the term. Having the power to elect, and having elected, the election was valid for the charter period. A different question would be presented if the mayor and council had no power to elect. *City of Macon* v. *Bunch,* supra; Hale *v.* Bischoff, 53 Kansas, 301, 306 (36 Pac. 752); State *v.* Brady, 42 Ohio, 504; Stewart *v.* Freeholders, 61 N. J. L. 117, 119 (38 Atl. 842). The evidence, though conflicting, authorized the jury to find that the

night marshal of the City of Nashville was discharged in direct contravention of the charter provision requiring "a fair opportunity to be heard," that the discharge was a nullity, and that the discharged officer was entitled to the salary of his office, although he had performed no duties of his office, it appearing that the discharged officer stood ready to perform those duties.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*