### 30360. MAYOR AND COUNCIL OF THE CITY OF BUTLER v. HORTMAN.

856

DECIDED MARCH 11, 1944.   REHEARING DENIED MARCH 30, 1944.

*Jule Felton,* for plaintiff in error. *R. S. & C. W. Foy,* contra.

SUTTON, P. J.   This is a companion case to *Mayor &c. of Butler*
v. *Hortman,* ante.   The facts of both cases are substantially the
same, except that in the present case the salary sued for was for
the months of July and August, 1943; and the defendant contends
that the office held by the plaintiff was abolished by an ordinance
passed on August 3, 1943, which provided as follows: "Be it or-
dained by the Mayor and Council of the City of Butler, and it is
hereby ordained by authority of the same, that from and after
the passage of this act, the mayor and council of the City of But-
ler, Georgia, shall have authority to employ one marshal and the
office of any other marshal by whatever name called, is hereby
abolished.   And to make the matter entirely clear, it is ordained
that the office now held by J. D. Cook as city marshal is con-
tinued and upheld, and the office of marshal occupied by G. J.
Hortman prior to June 1, 1943, is hereby specifically abolished, to-
gether with all the incidents of the same.   This ordinance to take
effect at once."   The judge, trying the case without a jury, ren-
dered a judgment in favor of the plaintiff, and the exception here
is to that judgment.

The plaintiff was either the marshal or deputy marshal of the
city, and therefore a public officer with his term fixed by law un-
der the provisions of the city charter.   Under the ruling in *Mayor
&c. of Butler* v. *Hortman,* supra, he can not be legally removed
from that office without a notice and hearing on the charge or
charges preferred against him and an opportunity to defend, and
he was entitled to collect his salary at least up to August 3, 1943.
However, there is an additional question in this case, and that is
as to the validity of the ordinance of August 3, 1943, which sought
to abolish the office held by the plaintiff.   The plaintiff in error

contends that, since it was optional with the city as to whether it would elect a deputy marshal or not, it was also within its power, after it had elected the plaintiff to such office, to abolish the office at its pleasure. In *City of Nashville* v. *Whitley*, 53 *Ga. App.* 587, 588 (186 S. E. 717), it was said: "The term of office by the charter was for one year. The mayor and council had the power to have an election. They acted. The elections was regular; and even if the resolution is construed to mean an attempt to elect for one month, or at will, or any other time than that prescribed by the charter, this limit of the legal period of time did not change the charter or limit the term. Having the power to elect, and having elected, the election was valid for the charter period." The case of *Raley* v. *Warrenton*, 120 *Ga.* 365 (47 S. E. 972), cited by the plaintiff in error, is distinguishable on its facts from the present case. There the person dispensed with had not been elected to a charter office. But even in that case, the same principle of law was recognized and stated as is being ruled in this case, viz: "One regularly elected to the charter office of marshal of the Town of Warrenton can not, during the term for which he was elected, be legally discharged from that office, unless removed in the manner prescribed by law." It was held in *Wilson* v. *Dalton*, 135 *Ga.* 240 (2) (69 S. E. 163): "Where an act of the legislature amending a municipal charter provided that the city 'shall be and is authorized to create the office of city tax-receiver,' prescribed his duties and the mode of his election by popular vote, and declared that he should be elected for a term of two years, after the municipal authorities had passed an ordinance creating the office of city tax-receiver, and the officer to fill such place had been duly elected for the term fixed by the charter and qualified, it was not within the power of such municipal authorities, at their option, during such term, to abolish the office." In the present case, the charter of the defendant city provided that the mayor and aldermen should elect a marshal, and if they deemed it necessary, a deputy marshal, each of whom, unless removed, was to remain in office two years. The mayor and council met and elected the plaintiff and J. D. Cook to the positions of marshal and deputy marshal, and they thereby became public officers with their terms fixed by the legislature, and not by the municipal authorities. Under these circumstances, after the plaintiff was elected and had

qualified as such officer, the municipal authorities could not, during his term, abolish the office, and the ordinance passed by the city on August 3, 1943, purporting to abolish the office held by the plaintiff, was invalid and not binding upon the plaintiff. It follows that the judge did not err in rendering judgment in favor of the plaintiff against the defendant for the amount sued for in this case. *Judgment affirmed. MacIntyre and Parker, JJ., concur.*

### ON MOTION FOR REHEARING.

The motion for rehearing and the brief filed by the plaintiff in error in support of the motion are identical with those filed in *Mayor &c. of Butler* v. *Hortman,* supra. In his original brief filed in this case, counsel for the plaintiff in error stated: "The issues involved in this case and No. 30359, between the same parties, are identical with two minor exceptions, and for the argument and citation of authorities on the questions involved the court is respectfully referred to brief filed in case No. 30359. The first differences is that while in No. 30359 the action was for $50 for salary for the month of June, 1943, in this case the action was for $100 for salary for the months of July and August, 1943. The second difference is that the record shows in this case that the mayor and council sought to abolish the office held by the defendant in error on August 3, 1943; it being contended by plaintiff in error that the office was a creation of the plaintiff in error and that it was within its power to abolish the same at its pleasure."

In its motion for a rehearing, the plaintiff in error now contends that the evidence demanded a finding that the plaintiff was employed as a policeman under the provisions of section 44 of the city charter, which provides in part: "Be it further enacted that said mayor and council of the City of Butler shall have power and authority . . to enforce law, peace, and order in said city, and for this purpose to appoint, when necessary, a police force sufficient to assist the city marshal; to fix their terms of service and compensation, to require bonds from them when deemed necessary, conditioned for the faithful performance of their duties."

There was sufficient evidence to support the finding of the trial judge that the plaintiff was elected to the office of marshal, or deputy marshal, under the provisions of section 14 of the city charter. While the ordinance or resolution of February 2, 1943, "retaining" the plaintiff in his position with the city, referred to

him as a "policeman," the other ordinance or resolution passed on the same day, which purported to terminate his employment with the city, referred to him as the "day marshal" and as the "city marshal," and the ordinance purporting to abolish the office held by the plaintiff and relied upon in this case, provided in part, "and to make the matter entirely clear, it is ordained . . that the office of marshal occupied by G. J. Hortman prior to June 1, 1943, is specifically abolished." The mayor and one of the aldermen testified at the trial; and nowhere in their evidence was there any contention that the plaintiff was employed as a policeman, but their testimony related entirely to the office of marshal of the defendant city.

The plaintiff sued to recover his salary as city marshal, and in answer to the suit the city did not deny that he had been an officer of the city, but for plea and answer alleged "that it is not indebted as alleged in said summons, nor in any other form or manner whatever, and of this [it] puts itself upon the country."

The case was appealed to the superior court and was there tried before the judge without the intervention of a jury; and it is well-established law that where a jury is waived and the case is submitted to a trial judge, his findings as to the facts are conclusive upon this court where supported by evidence. There was evidence to support the judgment in favor of the plaintiff, and that judgment upon the facts will not be interfered with by this court.

There was nothing in the pleadings or the evidence to indicate any contention on the part of the defendant that the plaintiff was employed as a policeman under the provisions of section 44 of the city charter, and the assignments of error in the bill of exceptions refer to and deal with section 14, and not with section 44, of the charter.

The issues raised by the pleadings and the evidence have been carefully considered, and we are of the opinion that the decision rendered is correct. Therefore the motion for rehearing is denied.