RIVERS *v.* HAILEY, Commissioner.

JENKINS, Presiding Justice. The General Assembly (Ga. L. 1925, p. 370) created the office of marshal and four deputy marshals of the civil court of Fulton County, and authorized the commissioners of roads and revenues of Fulton County in their discretion to provide for additional deputy marshals to be elected by the judges of the civil court; the act prescribing their duties and providing that their term of office should be four years, and that the salary paid them should not be less than $150 a month. Under this legislative authority, the county commissioners of Fulton County increased the number of deputy marshals, one of the additional offices being that held by the plaintiff under an election by the judges of the civil court. The salary of the office held by the plaintiff was first increased and afterwards decreased by the board of county commissioners, during the tenure of the plaintiff. The board of commissioners, acting in co-operation with the judges of the civil court, undertook to abolish the office which it had created

and which was being held by the plaintiff. The plaintiff brings suit for his salary for the remainder of the term of his office, and also his salary alleged to have accrued after the term for which he had been elected up to the time of the institution of the suit; and seeks to recover the maximum salary without regard to the action of the commissioners to reduce the same. The reduction sought did not reduce the salary below the minimum amount prescribed by the legislative charter. The court sustained a general demurrer to the petition, to which ruling the plaintiff excepts. *Held:*

1. It is the general and well-recognized rule that the authority which possesses the power to create an office has, in the absence of some provision of law passed by a higher authority, the implied power to abolish the office it has created. *City Council of Augusta* v. *Sweeney,* 44 *Ga.* 463, 465 (9 Am. R. 172); *Wessolowski* v. *Gilbert,* 51 *Ga.* 224 (2), 227; *Collins* v. *Russell,* 107 *Ga.* 423 (33 S. E. 444); *Raley* v. *Warrenton,* 120 *Ga.* 365, 367 (47 S. E. 972); *Gray* v. *McLendon,* 134 *Ga.* 224, 248, 249 (67 S. E. 859); *Tucker* v. *Shoemaker,* 149 *Ga.* 250, 252 (99 S. E. 865); *Wiley* v. *Douglas,* 168 *Ga.* 659, 668 (148 S. E. 735).

2. There are outside cases and text-book pronouncements for the proposition that, where a subsidiary authority is authorized in its discretion to create an office, the mere fact that the higher authority, in delegating to the subsidiary authority the right in its discretion to create the office, may have prescribed the duties of the office and provided for the tenure of its incumbent, does not nullify the inherent right of the subsidiary authority to abolish the office which had been created by it under and in accordance with its own discretion. Ford *v.* State Harbor Commissioners, 81 Cal. 19 (22 Pac. 278); 2 McQuillin on Municipal Corporations (2d ed.), § 514, note 69.

A contrary rule has been established in this State by the ruling in *Wilson* v. *Dalton,* 135 *Ga.* 240 (69 S. E. 163), wherein this court by a unanimous-bench opinion held that, where the higher legislative authority in authorizing a subsidiary authority to create in its discretion an office, has itself formulated the duties, the manner of election, and the term of office, the subsidiary authority, after creating the office, could not thereafter abolish it during the term of the incumbent who had been elected to fill it. The *Wilson* case controls in principle the case now presented; which being true, the commissioners were unauthorized, so far as it related to the incumbent for the unexpired portion of his tenure, to abolish the office which they themselves had created.

(a) The writer of this opinion and Justice Wyatt, while bound by the ruling in the *Wilson* case, which they do not think can be distinguished from the instant case, are of the opinion that the ruling in the *Wilson* case may be unsound, and that the mere fixing by the legislature of the term of office does not nullify the fundamental right of the authority creating the office to in good faith abolish it; and that the incumbent, while taking the office for a specified term, took it subject to the right of the creating authority to in good faith abolish it at any time; and that the only effect of the legislative provision in prescribing the tenure should have been construed to be, that the sub-

sidiary authority could not itself change the tenure, or remove the incumbent from the office allowed to remain in existence, without charges being preferred and notice being given to the incumbent in order that he might defend himself. See *City of Macon* v. *Bunch*, 156 *Ga.* 27 (1 b) (118 S. E. 769).

3. The legislative charter having merely fixed a minimum salary for the office held by the plaintiff, and the commissioners never having sought to reduce the salary to an amount less than the prescribed minimum, their action in reducing the salary in good faith for reasons of economy did not contravene any legislative inhibition. *Collins* v. *Russell*, supra; *Tucker* v. *Shoemaker*, supra; *Hall County* v. *Quillian*, 32 *Ga. App.* 586 (124 S. E. 143). See also, in this connection, *Carroll* v. *Ragsdale*, 192 *Ga.* 118, 122 (15 S. E. 2d, 210).

4. Under the foregoing rulings, the court erred in dismissing the plaintiff's petition on general demurrer, for the reason that the attempted abolition of the office was ineffective in so far as it related to the remainder of the period of the term for which the plaintiff had been elected and for which he had qualified. Under the allegations of the petition, the plaintiff was prima facie entitled to receive as salary such amount as had been prescribed for the respective periods of service; that is, he would be entitled to the increase so long as the increase remained operative, and be chargeable with the decrease after the decrease became effective, up to and until the expiration of his prescribed term of service, at which time the abolition of the office would become effective and his salary would terminate.

*Judgment reversed. All the Justices concur.*

No. 15053. FEBRUARY 17, 1945. REHEARING DENIED MARCH 6, 1945.

*William G. McRae,* for plaintiff.
*Harold Sheats* and *W. S. Northcutt,* for defendant.