SPARKMAN <em>v.</em> BROWN, Chairman, etc.; <em>et vice versa.</em>

Nos. 15506, 15522. JULY 2, 1946.

*William G. McRae,* for plaintiff. *Harold Sheats* and *W. S. Northcutt,* for defendant.

WYATT, Justice. The resolution passed by the county commissioners, by virtue of which the salary now sought to be recovered was withheld, reads as follows: "Upon motion of Commissioner Stewart, seconded by Commissioner Longino, it was ordered that

each and every employee and officer of Fulton County take a vacation of 15 days, or one-half month, without pay, during balance of the year 1932; and that deduction from the pay roll for such vacation be made 5 days each in the months of June, July, and August, 1932, it being understood that the heads of departments take their vacation at such time as will be most economical to the interest of the county, and other employees take vacations at such time as may be indicated by the heads of their respective departments. Such vacations to be available at any time during remainder of year 1932, but that in no event shall extra help be employed to take the place of persons taking such vacations." This resolution was subsequently amended so as to provide that the deductions from the pay roll should be made for the months of September, October, and November, 1932. The agreed statement of facts fails to disclose whether or not the plaintiff in error did as a matter of fact take any vacation, but does disclose that during the months of September, October, and November, 1932, he was paid the sum of $166.66 per month, and that for the other months of 1932, after July 1, he was paid the sum of $200 per month.

The act of the General Assembly (Ga. L. 1925, p. 370) provides that the salary of a deputy marshal shall be not less than $150 per month. This court, in *Rivers* v. *Hailey, 199 Ga.* 38 (3) (33 S. E. 2d, 310), said: "The legislative charter having merely fixed a minimum salary for the office held by the plaintiff, and the commissioners never having sought to reduce the salary to an amount less than the prescribed minimum, their action in reducing the salary in good faith for reasons of economy did not contravene any legislative inhibition." The court was there dealing with the salary of a deputy marshal of the same court now under consideration. It follows that the right of the Board of Commissioners of Roads and Revenues to reduce the salary of the plaintiff in error, so long as the salary is not reduced below the minimum of $150 per month fixed by statute, cannot be questioned. In the instant case the salary was not reduced below the statutory minimum.

The burden of the argument of the plaintiff in error is addressed to the contention that his salary could not be reduced under the guise of a "payless vacation." We do not think that question is here presented. The plaintiff in error was paid his salary for each

month; and for the three months in question he was paid even more as salary than the minimum fixed by statute. True it is, there was a reduction in his salary for the three months in question, but not below the statutory minimum; and we° have seen that the commissioners had the right to reduce his salary so long as it was not lower than the minimum fixed by law. Can it be said that a man who is paid a monthly salary in excess of the minimum fixed by law has been forced to take a "payless vacation?" We do not think so. The fact that the resolution uses language indicating the period to be a "payless vacation" does not change the situation. Regardless of the language used in the resolution, a man who is paid is not payless.

The case of *Johnson* v. *Brooks,* 139 *Ga.* 787 (78 S. E. 37), relied upon by the plaintiff in error, differs materially on its facts from the instant case. There the legislature attempted to abolish a city court. The act was later held to be unconstitutional. This court held that the judge of the city court was entitled to recover his salary, although he did not perform any of the duties of the office for the period involved. In that case there was an illegal attempt to abolish the office, and the judge was not paid any salary. In the instant case there was no attempt to abolish the office, and the plaintiff in error was paid his salary.

It follows that there was no error in denying a mandamus absolute.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*