19746. KIDD *et al. v.* NELSON *et al.*

HAWKINS, Justice. Five named persons, as "residents, citizens, qualified voters, and taxpayers of Baldwin County," filed a petition for quo warranto in Baldwin Superior Court, on April 13, 1957, contending that a local act of 1956 (Ga. L. 1956, p. 2725) was approved by the voters of Baldwin County at a referendum election held on April 3, 1956, and that by the terms of said act the then existing Board of Commissioners of Roads and Revenues was abolished as of January 1, 1957, and that the terms of all members expired by operation of law on the same day. The relators, who are now plaintiffs in error, contend that the respondents were members of said board; that their terms expired as aforesaid, and that they have no authority to continue to act as members, although no election has been held for the selection of members of the new board set up by the act of 1956, supra. The trial judge sustained a general demurrer based on the ground that the petition and information set out no cause of action, and the exception is to that judgment. *Held:*

1. "Where the purpose is to declare the office vacant, any citizen and taxpayer may file a proceeding in the nature of quo warranto." *Hathcock* v. *McGowirk,* 119 *Ga.* 973, 978 (47 S. E. 563). See also *Sweat* v. *Barnhill,* 171 *Ga.* 294, 297 (10) (155 S. E. 18); *Malone* v. *Minchew,* 170 *Ga.* 687 (1) (153 S. E. 773); *Hulgan* v. *Thornton,* 205 *Ga.* 753 (1) (55 S. E. 2d 115).

2. In *Stembridge* v. *Newton,* 213 *Ga.* 304, this court held: "Therefore, since as ruled above the act ˙ (Ga. L. 1956, p. 2725) is valid and is now the law, it becomes the duty of the Ordinary of Baldwin County to call an election to elect county commissioners as provided for in the 1956 act, and the court did not err in ordering the ordinary to call the election as prayed." And, as was said in *Wiley* v. *Douglas,* 168 *Ga.* 659 (1b) (148 S. E. 735): "No election having been called and held for the purpose of choosing the members of the board of commissioners created by said act, the members of the board existing at the date of its passage should discharge the duties and functions imposed upon them as the board of county commissioners . . . *until the members of the new board are elected and qualified.*" (Italics ours). This is true even though the act (Ga. L. 1956, p. 2725) provides that the

"Board of Commissioners of Baldwin County in effect at the time of the approval of this amendment by the voters of Baldwin County in the referendum election provided for hereinafter shall be abolished on December 31, 1956, and the terms of the members serving on such date shall expire on such date," since Code § 89-105 provides: "All officers [except as provided in Code § 40-302] of this State shall reside therein, at such places as are designated by law, and discharge the duties of their offices *until their successors are commissioned and qualified.*" (Italics ours). Accordingly, the trial judge did not err in sustaining the general demurrer to the petition, which sought to oust the respondents from office on account of the abolition of their offices and the expiration of their terms of office, and before their successors are elected and qualified. See *Stephenson* v. *Powell,* 169 *Ga.* 406, 408 (2) (150 S. E. 641) ; *Tarpley* v. *Carr,* 204 *Ga.* 721 (51 S. E. 2d 638).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 10, 1957—DECIDED JULY 3, 1957.

*D. D. Veal,* for plaintiff in error.
*J. A. Gilmore, Randall Evans, Jr.,* contra.