## 35595. HIGHSMITH v. CLARK.

UNDERCOFLER, Presiding Justice.

A quo warranto action was filed by Randall Clark, individually and as Chairman of the Republican Party of Glynn County, challenging the right of Eugene Highsmith to hold the office of county commissioner from commission district four. Clark claimed that Highsmith, a part-time federal magistrate, was ineligible to hold the position under Code Ann. § 89-101 (4). Highsmith raised as defenses Clark's standing and an exception in the applicable statute. The trial court held that Clark had standing as an individual and that Highsmith did not fall within the statutory exception, and declared the commissioner's seat vacant. Highsmith appeals. We affirm.

1. The trial court correctly ruled that Clark had standing as an individual to bring this quo warranto action. Any citizen and taxpayer of a community may challenge the qualifications of a public official to hold office in that community. Code Ann. § 64-201.[1] "Are not resident citizens of a municipality interested in the offices through which the civil government of the city is administered? Are they not interested in having such offices legally filled, honestly and impartially administered? These offices are created by law for the benefit and convenience of the citizens, and if any usurper should assume their duties, can redress be had only through a contestant claimant? We think not." *Churchill v. Walker,* 68 Ga. 681, 684 (1882). Accord, *Kidd v. Nelson,* 213 Ga. 417 (99 SE2d 123) (1957); *Davis v. City Council of Dawson,* 90 Ga. 817 (17 SE 110) (1892). Therefore, there is no merit to Highsmith's claim that Clark has no standing because he was not a voter in the commission district from which Highsmith was elected.[2] Compare Code Ann. §

---

[1] "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or *interested therein.*" (Emphasis supplied.)

[2] We need not reach the question whether Clark

34-1702 providing that elections "may be contested by any person who was a candidate . . . or *by any aggrieved elector who was entitled to vote* for such person or for or against such question." (Emphasis supplied.) *Mathews v. Gibbs*, 238 Ga. 680 (235 SE2d 3) (1977), and Code Ann. § 89-1909; Ga. L. 1979, pp. 1612, 1620 (eff. April 25, 1979), providing that recall petitions may be circulated only by an elector.

2. Code Ann. § 89-101 provides that "[t]he following persons are held and deemed ineligible to hold any civil office, and the existence of any of the following states of facts shall be a sufficient reason for vacating any office held by such person, but the acts of such person, while holding a commission, shall be valid as the acts of an officer de facto, viz: . . . (4) Holding other offices — Persons holding any office of profit or trust under the Government of the United States (other than that of postmaster and officers and enlisted men of the Reserve Components of the Armed Forces of the United States), or of either of the several States, or of any foreign State: Provided, however, that without prejudice to his right to hold public office, any person may accept appointment to, and may receive his expenses and compensation arising from, membership upon any commission, board, panel, or other fact-finding or policy-making agency appointed by the President of the United States or other Federal authority, where such appointment is of a temporary nature and the duties are not such as to interfere materially with the person's duties as a public officer. Acceptance of such an appointment and receipt of the emolument therefrom shall not bar the right of any person to hold office in this State or to accede to a State office."

Highsmith contends that because his position is part-time, amounting to only the equivalent of one day per month, that he falls within this proviso. This is plainly not so. His federal position, conceded to be one of "profit or trust" under this section, though part-time, is not temporary. We need go no further in determining what, if any position would meet these conditions, for Highsmith's

could also bring this action as chairman of the local Republican party.

position clearly does not qualify. Not falling into this exception, Highsmith, as a federal magistrate, is ineligible to hold the office of county commissioner.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED FEBRUARY 5, 1980.

*Eugene Highsmith,* for appellant.
*Randall M. Clark,* for appellee.