## RICHARDSON *v.* MAYOR AND COUNCIL OF MACON.

1. The act of the General Assembly approved August 17, 1907 (Acts 1907, p. 786), entitled an act to amend the charter of the City of Macon in certain respects, is not violative of article 3, section 7, paragraph 8, of the constitution of the State of Georgia (Civil Code, § 5771), on the ground that the act refers to more than one subject-matter.

2. Section 7 of the act above referred to, which confers certain powers upon the recorder, is not violative of the provision of the constitution of the State, recited in the first headnote, on the ground that it contains matter different from that contained in the title of the act.

Argued November 17, 1908.—Decided February 19, 1909.

The Court of Appeals certified for decision of this court the following question: "Is so much of an act approved August 17, 1907, entitled 'An act to amend the charter of the City of Macon, so as to authorize and direct the Mayor and Council of the City of Macon to appropriate certain fixed sums of money for the support of a night school to be kept at one or both of the Macon public libraries on conditions named in the act, and for other purposes;' as provides that the recorder of the City of Macon may sentence violators of the city ordinances of Macon to work 'at labor on the public works and streets of the City of Macon not more than three months, and that the said recorder shall have power and authority to impose an alternative sentence at labor as herein prescribed in default of the payment of any fine imposed,' unconstitutional and void because it is matter different from that contained in the title of the act, or because said act refers to more than one subject-matter, in violation of article 3, sec. 7, paragraph 8, of the constitution of the State of Georgia, as codified in Civil Code, § 5771?" The act referred to is contained in Acts 1907, pp. 786-9, both inclusive. The entire caption of the act is correctly quoted in the question so certified. Sections 1 to 6, both inclusive, relate entirely to pro-

visions for establishing, maintaining, and conducting night schools in the City of Macon, and have no reference whatever to the substance of the 7th section of the act. Section 8 provides for the repeal of conflicting laws. Section 7 provides, "That section 59 of an act of the General Assembly of the State of Georgia, entitled 'an act to create a new charter for the City of Macon, to consolidate the acts relating to the rights and powers of said corporation, and for other purposes,' approved November 21, 1893, be and the same is hereby amended by striking from said section the following words in the sixth and seventh lines of said section, to wit: 'at labor on the public works in the county chain-gang for not more than six months,' and inserting in lieu thereof the following words: 'at labor on the public works and streets of the City of Macon for not more than three (3) months, and the said recorder shall have the power and authority to impose an alternative sentence at labor, as herein prescribed, in default of the payment of any fine imposed,' so that said section 59 when so amended shall read as follows: 'Sec. 59. Be it further enacted, that the recorder of said city shall have power to impose fines for the violation of any law or ordinance of the City of Macon, passed in accordance with its charter, to an amount. not to exceed five hundred dollars, to imprison offenders in the city barracks for the space of not more than sixty days, or at labor on the public works and streets of the City of Macon for not more than three months; and the said recorder shall have the power and authority to impose an alternative sentence at labor as. herein prescribed, in default of the payment of any fine imposed. He shall also have the same powers as judges of the superior courts of this State to punish for contempts of officers and others by a fine not to exceed two hundred dollars, and imprisonment in the city barracks not exceeding thirty days, or either or both, in his discretion. He shall be to all intents and purposes a justice of the peace, so far as to enable him to issue warrants for offenses. committed within the corporate limits of said city, which warrants may be executed by any member of the police force of the city, and to commit the offenders to the jail of the county of Bibb, or admit them to bail in bailable cases for their appearance at. the next term of a court of competent jurisdiction to be held in and for said county.' "

*E. W. Maynard,* for plaintiff in error.  *C. H. Hall, Jr.,* contra.

ATKINSON, J.  1.  Section 7 of the act above referred to can properly be classified as an amendment to the charter of the City of Macon, conferring certain corporate powers therein expressed.  The same may be said of sections 1 to 6 inclusive.  They relate to different and other powers than those conferred by section 7, but this by no means indicates that the act embraces separate and distinct subject-matters.  All the powers conferred are consistent with each other, relate to matters pertaining to municipal government, and are germane to the law sought to be amended.  Under this view there is but one matter involved in the several sections of the act taken singly or collectively, namely, the matter of conferring power upon the municipality to do certain things tending to the promotion of the public welfare.  It follows that the act is not violative of article 3, section 7, paragraph 8, of the constitution of the State of Georgia (Civil Code, § 5771), which prohibits the legislature from dealing with more than one subject-matter in a single act.  In this connection see *Carroll* v. *Wright,* 131 *Ga.* 729, 744 (63 S. E. 260).

2.  Construed in the light of the rulings made in the decisions of this court in the cases stated below, the caption indicates that the main purpose of the legislation was to amend the charter of the City of Macon.  While the powers conferred in section 7 of the act were altogether different from the powers conferred by sections 1 to 6 inclusive, they were nevertheless appropriate to the administration of municipal government, and proper powers to be added by amendment to the charter of the City of Macon.  Under these conditions, the provisions of section 7, though not specially named in the caption, when considered in connection with the words, "and for other purposes," as employed in the caption, did not render the act violative of the provision of article 3, section 7, paragraph 8, of the constitution of Georgia, which prohibits the introduction of matter in the body of an act of the legislature which is not contemplated by the caption.  The office of the words, "and for other purposes," as employed in the caption referred to, was to show an intention to enact any legislation which would be appropriate as an amendment to the charter of the City of Macon; and the fact that some matters of amendment were more specifically referred to in the caption did not

serve to restrict the contemplated legislation to those matters of amendment particularly specified. *Butner* v. *Boifeuillet,* 100 *Ga.* 743, 753 (28 S. E. 464) ; *Mayor of Macon* v. *Hughes,* 110 *Ga.* 795 (56 S. E. 247), and cit.; *Welborne* v. *State,* 114 *Ga.* 794 (5, 6), (40 S. E. 857) ; *Mayor of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230) ; *Town of Poulan* v. *Atlantic R. Co.,* 123 *Ga.* 605 (51 S. E. 657). *All the Justices concur.*