## WILSON *v.* MAYOR AND COUNCIL OF DALTON.

1. Where the title of an act of the legislature was "An act to amend the several acts incorporating the City of Dalton, Whitfield county, Georgia," followed by a recital of several particulars in which the municipal charter was amended, and concluding with the words, "and for other purposes," such act was not violative of article 3, section 7, paragraph 8, of the constitution, which provides that no law or ordinance shall pass which contains matter different from what is expressed in the title thereof, because it contained a provision authorizing the creation of the office of city tax-receiver, fixing his term of office, and prescribing his duties and the mode of his election.

2. Where an act of the legislature amending a municipal charter provided that the city "shall be and is authorized to create the office of city tax-receiver," prescribed his duties and the mode of his election by popular vote, and declared that he should be elected for a term of two years, after the municipal authorities had passed an ordinance creating the office of city tax-receiver, and the officer to fill such place had been duly elected for the term fixed by the charter and qualified, it was not within the power of such municipal authorities, at their option, during such term, to abolish the office.

OCTOBER 12, 1910.

Equitable petition.    Before Judge Fite.    Whitfield superior court.    October 12, 1909.

The caption of the act approved August 17, 1908 (Acts 1908, p. 579), was as follows: "An act to amend the several acts incorporating the City of Dalton, Whitfield county, Georgia; to establish the office of recorder and define his duties; to change the name of the mayor's court and to enlarge the jurisdiction of said court; to authorize said city to establish, maintain, and operate systems of drainage or sewerage; to divide said city into wards and to create new officers to represent the wards in the city council and provide the manner of their election; to authorize the city to build, curb, pave, and park the streets and sidewalks in said city, and to regulate the use of same; to provide for the registration of voters and the holding of elections; to authorize the city to buy, build, own, and operate systems of drainage and sewerage, to operate the same; and for other purposes." The fourth section of such act was as follows: "Sec. 4. Be it further enacted, that the City of Dalton shall be and is authorized to create the office of city tax-receiver and fix the salary of said tax-receiver, whose duty it shall be to collect and to receive all taxes, fees, license, and receipts from public utilities, and all other moneys which shall be due and collectible by the city from any source whatever, and provide a suitable bond from said tax-receiver. The record of such money due to be furnished him by the various other city officials, whose duty it shall be to furnish such records under the charter or ordinances in pursuance thereof, and all money collected by him to be turned over to the city treasurer, promptly as by ordinance of the council provides. Said city tax-receiver to be elected for a term of two years in the manner prescribed by this amendment; provided, however, that the city council may in their discretion require the city marshal to collect and account for all street taxes, and fees, fines, and fi. fas." The fifth section declared that "There shall be held annually on the second Wednesday in December an election of the officers of said city, on the second Wednesday in December, 1908, and election of the clerk, treasurer, and tax-receiver by a general vote of all the qualified voters in said city," and councilmen for a certain term.

Jim Wilson filed his petition against the Mayor and Council of the City of Dalton and Fincher, chief of the police, alleging in

substance as follows: Under the fourth section of the act of 1908, above quoted, the City.of Dalton created the office of tax-receiver, provided that the office should be filled by election as prescribed in the act, and that when elected and qualified the receiver should hold office for two years from and after January 1, 1909, or until his successor qualified. The salary was fixed at $720 per annum, payable in monthly instalments. The receiver, before entering upon the performance of his duties, was required to enter into a bond with at least two securities [or?] in some reliable company in the sum of ten thousand dollars, to be approved by the finance committee. It was further declared that it should be the duty of the tax-receiver to turn over to the city treasurer promptly all funds collected by him, and that prior to each regular meeting of the mayor and council he should check up his collections and balance his accounts with the city clerk. Plaintiff was elected by the voters at the general municipal election held in December, 1908, to fill the office of tax-receiver. He received the proper certificate of election, and qualified by taking the oath and giving the bond as required by the ordinance. After this, on the 18th day of January, 1909, the mayor and council passed the following resolution: "Whereas the Mayor and Council of the City of Dalton, by ordinance passed November 2nd, 1908, created the office of city tax-receiver, prescribing his duties, fixing his salary, and calling for an election to fill said office, etc., and the present mayor and council deeming it to the best interest of the tax-payers of said city that said office be not continued, and believing that said office if [is?] invalid under the charter granted amending the charter of the City of Dalton, and in the interest of economy in the administration of said city: Therefore, be it resolved that the salary of the tax-receiver of the City of Dalton be and the same is hereby fixed at the sum of one hundred dollars per annum, and that said tax-receiver be required to enter into a bond in a reliable surety company in the sum of ten thousand dollars." Plaintiff charged that this action was illegal and void and an unauthorized interference with the rights vested in him by virtue of his election and qualification as city tax-receiver, and was an unlawful and arbitrary action on the part of the mayor and council in attempting to force plaintiff to go to the further and useless expense of giving a ten-thousand-dollar bond in a guaranty company,

when they had illegally and arbitrarily reduced his salary to one hundred dollars, well knowing that the cost of such a bond would force the plaintiff out of office. He had given a good personal bond in compliance with the ordinance creating the office, and this had been in the possession of the municipal authorities prior to the oath of office being administered to him, and this was done without objection by the mayor in the presence of the finance committee and all of the city council.

On February 15, 1909, the following proceedings were had by the mayor and council: "On motion of alderman Rudolph, the following ordinance was introduced and read for the first time: 'That whereas the Mayor and Council of the City of Dalton did on the 2nd day of November, A.D. 1908, pass an ordinance creating the office of city tax-receiver for the City of Dalton, pursuant to an act of the legislature, approved August 17th, 1908, and whereas the Mayor and Council of the City of Dalton did, on the 18th day of January, 1909, fix the salary of the tax-receiver of the City of Dalton at the sum of one hundred dollars per annum, requiring said tax-receiver to give bond in a surety company in the sum of ten thousand dollars, and whereas the said tax-receiver has failed to tender a bond in a surety company as required, or to tender any bond acceptable to the finance committee of said city, and it appearing to the mayor and council aforesaid that the act of the General Assembly in the amendment of the charter of the City of Dalton by the act approved August 17th, 1908, is unconstitutional and void and the ordinance passed thereunder being unconstitutional and void, therefore be it ordained by the Mayor and Council of the City of Dalton that from and after the passage of this ordinance that the ordinance passed by the Mayor and Council of the City of Dalton on the 2nd day of November, 1908, be and the same is hereby repealed, and the office of tax-receiver for the City of Dalton abolished. Be it further ordained by the mayor and council aforesaid, that all ordinances and parts of ordinances in conflict with this ordinance be and the same is hereby repealed." At the same time the following resolution was passed by the mayor and council: "Be it resolved by the Mayor and Council of the City of Dalton, that the chief of police of said city be authorized to collect license due from preceding years, and said chief of police is hereby directed to proceed with the collection of said tax and

license from whomever the same becomes due. On motion of alderman Rudolph, the regular rule was suspended and read second and third times and adopted as a whole." Plaintiff charged that this ordinance and resolution were illegal and void. Plaintiff has faithfully performed all of the requirements and duties devolving upon him, and has always been ready and willing to faithfully and promptly perform and discharge the duties of his office as provided by the charter of the city, but is prevented from doing so by the conduct of the city and its chief of police. He brought suit in a justice's court to recover his salary for January, 1909, and recovered a judgment; but the case was appealed to the superior court. Another month's salary is past due, but the city refuses to pay it; and this will force a multiplicity of suits and the incurring of expense and trouble on his part. The money required by law to be paid to him, and for which the sureties on his bond are liable, is being illegally paid over to the chief of police, thus increasing the hazard and liability of himself and his sureties; and he is being prevented from discharging the duties of his office. He prayed, that the mayor and council and chief of police be enjoined from interfering with or molesting him in the discharge of his duties as tax-receiver; that the chief of police be enjoined from collecting the license and other taxes which plaintiff should collect; that the ordinances passed on January 18, 1909, and subsequently, attempting to abolish the plaintiff's office, be declared void and of no effect, and also that the resolution appointing the chief of police to perform certain duties of the office be declared void; that the right to the office and salary be adjusted by a proper judgment and decree; that he have judgment for whatever amount was due him; and for process and general relief.

The mayor and council filed a motion to dismiss the petition, stating that the motion was made by "defendant," on the following grounds. "It appears from said petition that plaintiff is claiming entirely by virtue of his alleged election to and service in the office of tax-receiver of the City of Dalton, Ga., which said office is alleged to have been created by an act of the General Assembly of the State of Georgia, approved August 17, 1908, whereas it appears as a matter of law that said act is null and void in so far as it purports to establish said office, because the title and caption of same contains no reference whatever to the office of tax-

receiver, and therefore contravenes article 3, section 7, paragraph 8, of the constitution of the State of Georgia, which prohibits the passage of any law which contains matter different from that stated in its title. Because it appears from said petition that the office of tax-receiver was abolished by the Mayor and Council of the City of Dalton after having been created by them, and as a matter of law said mayor and council had the right to abolish said office, and plaintiff has no right to complain at such action." The presiding judge sustained the motion, and the plaintiff excepted.

*W. E. Mann,* for plaintiff.   *C. D. McCutchen,* for defendant.

LUMPKIN, J.   (After stating the foregoing facts.)

1. Under the decision in *Richardson* v. *Mayor and Council of Macon,* 132 *Ga.* 122 (63 S. E. 790), and the authorities there cited, it is clear that the act of August 17, 1908, amending the several acts incorporating the City of Dalton, was not violative of the provision of article 3, section 7, paragraph 8, of the constitution, which prohibits the passage of any law containing matter different from what is expressed in the title thereof.

2. In addition to the contention that the act of 1908 was unconstitutional, it was also contended that the office of tax-receiver was created by the mayor and council, and was abolished by them, and that they had the right to do this. While the language of the fourth section of the act under consideration was that the city "shall be and is authorized to create the office of city tax-receiver," etc., it may well be questioned whether, in view of all the provisions of the act on that subject, the duty of creating the office was not imposed upon the city. *Vason* v. *City Council of Augusta,* 38 *Ga.* 542. If, however, the municipal authorities were not required to create the office of city tax-receiver, but merely given authority to do so, nevertheless, if they did create it, the charter declared, "Said city tax-receiver to be elected for a term of two years in the manner prescribed by this amendment;" and in providing for the holding of elections it included the tax-receiver as one of the officers to be elected by a vote of the qualified voters of the city. The municipal authorities created the office; the charter fixed the term of the officer and the mode of his election and prescribed his duties. Those matters were not left for the determination of the mayor and council. It has been declared that if the office is one which is created by municipal ordinance, and there is

nothing in the charter or general statute law to prevent them from so doing, the municipal authorities creating the office may also abolish it. *City Council of Augusta* v. *Sweeney,* 44 *Ga.* 463 (9 Am. Rep. 172). But where the charter declares how an officer shall be elected and for what term, and prescribes his duties, the municipal authorities have no power to abolish the office during that term. The powers of a mayor and council are entirely different from those of the legislature. The latter exercises the general legislative power of the State. The former have such powers as the legislature may confer upon them, and are subject to such restrictions as the legislature may declare, within the limits of the constitution. In the present case, after the office had been created and the officer elected and qualified, the mayor and council had no authority to abolish the office during the term fixed by the charter. *Shaw* v. *Mayor and Council of Macon,* 21 *Ga.* 280; *Raley* v. *Mayor and Commissioners of Warrenton,* 120 *Ga.* 365 (47 S. E. 972).

Some other questions were raised in the petition, and some were argued in the brief of counsel for defendant in error; but the presiding judge dismissed the petition on the two grounds with which we have dealt, and we do not deem it proper to pass upon other matters.      *Judgment reversed. All the Justices concur.*