BRANSON, superintendent, *v.* LONG *et al.*

1. The trial judge did not err in granting the mandamus absolute.
2. The defendant failed to show that there had been no consolidation of the Pine Grove and Eulonia schools with the Townsend school.
3. There is no such conflict between the provisions of section 90 of the act of 1919 (Acts 1919, p. 288) and section 120 of said act as renders the provisions of section 90 doubtful or ineffective.
4. Section 90 of the above-mentioned act is not unconstitutional as viola-

tive of article 3, section 7, paragraph 8, of the constitution of Georgia.

No. 4163. NOVEMBER 21, 1924.

Mandamus. Before Judge Sheppard. McIntosh superior court. December 15, 1923.

*Bennet, Twitty & Reese,* for plaintiff in error.

*Conyers & Wilcox,* contra.

RUSSELL, C. J. Plaintiffs in the lower court, defendants in error here, filed a petition for mandamus in the superior court of McIntosh County, against W. A. Branson, county superintendent of schools of said county, seeking to compel said Branson as superintendent to call an election in the "Townsend Consolidated School District, for the purpose of electing trustees for the consolidated schools in said district." Upon this petition the trial judge granted a rule nisi, which was served upon the respondent. The petitioners alleged, that McIntosh County had been laid off into school districts in accordance with the school laws of Georgia; that in accordance with such law the Townsend school and Pine Grove school, both in said county, had been consolidated; that petitioners as residents and citizens of the affected territory had requested said superintendent to call an election in said district for the purpose of electing trustees for said consolidated school; and that said superintendent had failed and refused to call such election, although it was his duty to do so even without request or demand. The respondent demurred to this petition, on the grounds, (1) that the same fails to allege sufficient facts to authorize the relief prayed; (2) that it does not appear that the consolidation of said schools was made in accordance with law; (3) that if the last sentence of section 90 of said school law be construed as requiring respondent to call an election as sought, then the provisions of said section are at variance with and in conflict with other provisions of said law; and (4) that the provision contained in the last sentence of said section is unconstitutional, in that it contains matter different from what is expressed in the title of the act. In his answer the respondent admitted that in June, 1922, the board of education of McIntosh County decided to use the school building in Townsend, Georgia, in said Townsend district, to serve not only the children in and around Townsend but also the children that lived in the territory served by the Pine Grove school in the same district, and the children that lived in the territory served

by the Eulonia school in the Newport-Jones district, and to that end arranged for the transportation of the children from said Pine Grove and Eulonia schools to the Townsend school during the year 1922-1923. But respondent says there was never any action of the board of education consolidating the Pine Grove or Eulonia schools or either of them with the Townsend school, as is contemplated by the code of school laws of Georgia. Respondent denies that it is his duty to call any election, and admits that he refused to call the election and still refuses to do so. Respondent further says that in view of the conflict in the provisions of section 90 of said school law and the provisions of section 120 thereof, and in view of the facts existing, he was not authorized to act upon the demand of the plaintiffs in calling an election, but that this power is one that should have been exercised by the board of education of said county.

Upon the hearing it was agreed that the facts stated in the respondent's answer, excluding conclusions of law and of fact, were true; and that the minutes of a meeting of the board of education of McIntosh County, held on June 6, 1922, showed the following: "The board was informed that Eulonia and Pine Grove schools desired to be consolidated with Townsend school, instead of continuing their one-teacher schools. The superintendent of schools was instructed to advertise for bids to transport these schools to Townsend." The minutes of a meeting of said board, held on July 11, 1922, showed that bids were received from three persons for transporting the Pine Grove school children to Townsend school, and that three bids were received for transporting the Eulonia school children to Townsend school. At a meeting held on July 18, 1922, a report was received from the superintendent on the matter of transporting the Pine Grove children to Townsend, and the committee agreed to award the contract to the low bidder upon the condition that he satisfy the patrons as to a driver. Prior to the filing of the petition in this case, a State school supervisor had agreed to recommend to the State board of education to award the board of education of said county the sum of $500 under section 92(b) of the school code, for the Townsend school as a consolidated school for the year 1922-23. Heretofore the said board of education of McIntosh County has been awarded this amount for the Darien consolidated school. This award will be made for only one

school in the county. Townsend school had three teachers for the school year 1922-23. The $500 had not been paid by the State to said board on September 19, 1923.

After the case was submitted upon the agreed facts, the trial judge took the case under advisement on both the law and the facts, and, on December 15, 1923, entered final judgment granting a rule absolute commanding the respondent to call an election in the Townsend school district for the purpose of electing trustees for the Townsend consolidated school, as provided by law and as prayed for in plaintiffs' petition. The respondent assigns this judgment as error upon the grounds that his demurrer should have been sustained upon each and every ground thereof; because the judgment was contrary to the evidence, and without evidence to support it; and because under the agreed facts the judge was unauthorized, as a matter of law, to grant the mandamus against the respondent. A large portion of the brief and argument of counsel for both parties in this case is directed to a comparison of sections 90 and 92 of the general school act of 1919 (Acts 1919, p. 288), counsel for the school superintendent insisting that one section is repugnant to the other, and counsel for the petitioners denying such repugnancy. We are not permitted to deal with this portion of the argument or consider the merits of the contention, for the reason that the demurrer which was before the lower court makes no reference whatever to section 92 of the act, and is predicated upon the alleged conflict between section 90 and section 120 of the school act, supra. This court will not undertake to deal with any question except under review of some ruling made by the lower court, and failure to present to the lower court the point now insisted upon before us for the first time precludes any consideration of its merits.

1. Plaintiff in error contends that one of the reasons why the trial judge erred in making the mandamus absolute is that it does not appear that the consolidation of the schools mentioned in the petition was made in accordance with law. In our opinion this ground of objection is not meritorious. It is true that it does not appear from the minutes of the board of education of McIntosh County that any motion was made and carried to consolidate the school at Townsend with Pine Grove and Eulonia schools, but it does appear that upon the application for the consolidation of

these schools the board of education at least tacitly granted the request of the petitioners or assented thereto, because the minutes of the board do show that contracts were authorized to be made for the transportation of the pupils of the two schools to the Townsend school. While properly the minutes of a county board of education should preserve in writing every action taken by that board, from what does appear upon the minutes we think that no other inference can be indulged than that the board of education of McIntosh County consolidated the three schools as requested, for their final action was to provide for the transportation of the pupils from the two other schools to the Townsend school and the attendance of the pupils of these schools at the Townsend school. It can not be presumed that public officers such as the members of a county board of education would have taken any such latter action as they did if they had refused the consolidation. Furthermore, in his answer the defendant does not deny that the schools were actually consolidated, the language of the answer being that there was no consolidation "as contemplated by said code of school laws," without statement of any facts that would dispute the facts stated in the plaintiffs' petition.

2. It is further insisted that there is a conflict between section 90 of the school code, as contained in the act of 1919 (Acts 1919, p. 288), and section 120 of this act. It does not appear to us that there is any conflict between the two sections. In section 90 provision is made for the consolidation of schools. Section 120 of the act provides for the consolidation of school districts, change of district lines, etc., which have no bearing on the question now before us. By the terms of section 90 it is very plain that the provisions of section 120 refer to altogether different matters. Section 90 is as follows: "The board of education of any county shall have the right, if in their opinion the welfare of the schools of the county and the best interests of the pupils require, to consolidate two or more schools located in the same or different districts into one school, to be located by said board at a place convenient to the pupils attending the same, said schoolhouse to be located as near the center of the district or districts as practicable. Whenever two or more schools are consolidated as hereinafter provided, the county superintendent shall call an election of trustees for said consolidated schools from the district or districts con-

cerned; said election shall be held in accordance with the provisions of existing law, and the result determined and declared by the board of education." We find nothing in the act which would render the provisions of this section doubtful.

3. It is further insisted that the provisions contained in section 90 are unconstitutional, in that this section contains matter different from what is expressed in the title of the act. The title of the act is as follows: . "An act to codify the school laws of the State of Georgia, in compliance with the provisions of the act entitled 'an act to empower the State Superintendent of Schools, the Attorney-General, the Chairman of the Senate and House Committees on Education to codify the school laws, and for other purposes,' approved July 20, 1918; to revise the school laws of the State; to provide for a State Superintendent of Schools, State Board of Education, a State Board for Vocational Education, County Superintendent of Schools, County Board of Education, Supervisors of Schools and Institutes, an Auditor, a Secretary and Executive Agent of the State Board of Education, and other officers; to provide the method of their selection, their duties, powers, and compensation; and for other purposes." It will be noted that the scope of the caption is extremely broad in so far as reference to a number of specific matters is concerned. First it expresses a purpose to codify all of the school laws of the State. It then descends into particularization as to the creation of certain officers, included among which are county superintendents of schools, and finally concludes with the customary phrase, "and for other purposes." It has several times been held that even the use of the last-quoted phrase will prevent an act from being subject to the objection that the act contains matter not included in the caption, where such words will naturally include and render constitutional incidental provisions germane to and bearing a generic relation to the general subject-matter expressed in the title. *Martin* v. *Broach,* 6 *Ga.* 21 (50 Am. D. 306) ; *Black* v. *Cohen,* 52 *Ga.* 621; *Butner* v. *Boifeuillet,* 100 *Ga.* 743, 753 (28 S. E. 646). From the well-settled rule that an act will not be declared unconstitutional if there is any doubt with respect to its unconstitutionality there has grown another ruling that where certain specified proposed amendments are indicated in the title and the words "and for other purposes" are also included therein, this is sufficient to have directed the at-

tention of the General Assembly and the public to those matters comprehended within the general scope of the act as indicated by the title, though not expressly named. The caption of this act declares a purpose to create the office of county superintendent of schools. The duties of this officer would be a kindred subject closely related to the creation of his office, and, as ruled in the case of *Butner* v. *Boifeuillet,* supra, it can not be held "that the mere enumeration of certain particular objects concerning which the charter should be amended could have the effect so to restrict as to entirely destroy the force of the general words expressed at the commencement and at the conclusion of the title." The first general purpose of the act now before us, as expressed in the caption, is to codify the school laws of the State of Georgia in compliance with a previous act of the General Assembly approved July 20, 1918, and to revise the school laws of the State. It would seem that this statement would be sufficient to embrace any regulation pertaining to the one subject-matter—the public-school system of Georgia, and sufficient to remove any constitutional objection upon the ground that section 90 contains matter different from that expressed in the caption of the act. There is but one subject-matter expressed in the caption, the codification and revision of the school laws of the State, and therefore any matter pertinent to the codification and revision would be germane to and included within the title. The caption indicates that the main purpose of the legislature was the codification and revision of the school laws. The provisions of section 90 of the act, although different in some respects from other provisions relating to different subjects, are nevertheless appropriate to the conduct of certain features of the general subject-matter. For these reasons and under these conditions the provisions of section 90, supra, though not specially mentioned in the caption, when used in connection with the words "and for other purposes," did not violate the provisions of article 3, section 7, paragraph 8, of the constitution of Georgia, which forbids that matter which is not contemplated by the caption shall be included in the body of the act. *Butner* v. *Boifeuillet,* supra; *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247) ; *Welborne* v. *State,* 114 *Ga.* 794 (48 S. E. 857) ; *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230) ; *Town of Poulan* v. *Atlantic R. Co.,* 123 *Ga.* 605 (51 S. E. 657) ; *Richardson* v. *Macon,* 132 *Ga.* 122

(63 S. E. 790) ; *Wilson* v. *Dalton,* 135 *Ga.* 240 (2), 245 (69 S. E. 163). We think the language of the title is broad enough to include not only the matters expressly named, but is also broad enough to embrace all appropriate means which it may be necessary to employ to make the act effective. The intention of the legislature, as is manifest when section 90 is read in connection with the title in which the office of county superintendent of schools is expressly referred to, was to create the office of county superintendent of schools, which would embrace a power to define his duties. The duty of calling an election for trustees of a consolidated school when two or more schools are consolidated is plainly imposed upon the county superintendent of schools in section 90 of the act, supra. When the plaintiff in error as county superintendent of schools refused to perform this legal duty, the petitioners were entitled to the mandamus as granted by the trial judge.

*Judgment affirmed. All the Justices concur.*