*Frederick.A. Tuten,* for plaintiff. *J. P. Dukes,* for defendants.

## COWAN *v.* CITY OF ATLANTA.

No. 9312. August 9, 1933.

*Burress & Dillard,* for plaintiff in error.

*Augustine Sams, James L. Mayson, Courtland S. Winn,* and *J. C. Savage,* contra.

Russell, C. J. The plaintiff in error was charged, before the recorder of the City of Atlanta, with a violation of section 1 of an act of the General Assembly approved July 29, 1929 (Ga. L. 1929, pp. 818-821). At the trial it was admitted that he carried the goods referred to without a permit, without paying the twenty-five cents license fee, and without waiting the three days provided in the act; and that the violation occurred in the City of Atlanta, Fulton County. The entire defense was based on the ground that the act cited above was void. The recorder found the accused guilty of a penal offense, and ordered him to pay a fine of $15, and in de-

fault of such payment to work on the streets or public works of said city thirty days. The superior court overruled and dismissed his certiorari, holding that the act was not void for any reason assigned. He then sued out a writ of error.

We are of the opinion that the invalidity of the act of the General Assembly is apparent in the constitutional grounds asserted by the plaintiff in error in his trial before the recorder and before the superior court. The act contains matter of which no hint is given in the caption. The caption is to amend the charter of the City of Atlanta and its various amendments. It contains no hint that the act will contain amendments to the ordinances enacted by the city council of Atlanta, or that the legislature is going to undertake to pass ordinances for the City of Atlanta. An amendment to a municipal charter is a local bill; and it is prescribed in art. 3, sec. 7, par. 16, of the constitution of Georgia that notice of intention to ask for special legislation is necessary. We are aware that the question of the preliminary advertisement required by this paragraph of the constitution is for the determination of the General Assembly before the passage of a bill. *Peed* v. *McCrary*, 94 *Ga.* 487 (21 S. E. 232) ; *Burge* v. *Mangum*, 134 *Ga.* 307, 310 (67 S. E. 857). The court must presume that the requisite publication was made. The Civil Code (1910), § 357, requires that the title of the bill must be published once in the newspaper in which the municipality is situated, thirty days before the introduction of such bill, and posted at the door of the court-house in the counties of the residence of the person or persons to be affected thereby, thirty days before the introduction of such bill. But assuming that all this was done, we are of the opinion that from the title of the bill, as thus published, one would never gather that an attempt would be made to pass an ordinance for the City of Atlanta.

*Judgment reversed. All the Justices concur, except Hill, J., absent on account of illness.*