BRAY *et al. v.* CITY OF EAST POINT *et al.*

No. 16022. January 16, 1948. Rehearing denied February 12, 1948.

*Camp & Boyd,* for plaintiffs in error.

*Ezra E. Phillips,* contra.

HEAD, Justice. The title of the act extending the limits of the City of East Point states the purpose of the act to be to amend the act creating a charter for the City of East Point, and the several acts amendatory thereof, "so as to annex all of land lots 167 and 186 and part of land lot 154 of the 14th District of Fulton County . . and all of land lots 195, 196, 197, 198, 199, and part of land lots 194, 221, 222, and 223 in said 14th District of Fulton County. . ." Section 1 of the act describes in detail the territory annexed, which description includes not only the land lots and parts of land lots enumerated in the title of the act, but also includes parts of land lots 168 and 185 in the 14th District of Fulton County. One of the constitutional attacks made by the plaintiffs in error is that the inclusion of a part of these two land lots in the territory embraced by the act, when the lots were not mentioned in the title, violates art. 3, sec. 7, par. 8 of the Constitution of Georgia (Code, Ann. Supp., § 2-1908), which declares that no law shall pass which "contains matter different from what is expressed in the title thereof."

It is not necessary that the title of a local act be specific. In *Holland* v. *State,* 155 *Ga.* 800 (118 S. E. 203), it was said:

"Where the title of an act puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act, which is recited in the title." But in the present case, as was said in *Prothro* v. *Orr*, 12 *Ga.* 36, 42, "the title is definite, and therefore, necessarily limited. And to permit other and totally different matter to be incorporated, would be to let in the very mischief intended to be prevented; and thus render the Constitution of none effect." The purpose of the provisions of art. 3, sec. 7, par. 8 of the Constitution was "to protect the people against covert or surprise legislation." *Blair* v. *State*, 90 *Ga.* 330 (17 S. E. 96, 35 Am. St. R. 206) ; *Central Ry. Co.* v. *State*, 104 *Ga.* 831, 845, 846 (31 S. E. 531, 42 L. R. A. 518).

Since the title of the act under consideration purports to enumerate the land lots and parts of land lots to be included in the territory annexed to the City of East Point, but does not contain any reference to land lots 168 and 185, parts of which are included in the annexed territory described in the body of the act, the act "contains matter different from what is expressed in the title," in violation of the Constitution, art. 3, sec. 7, par. 8. *Blair* v. *State*, supra; *Crabb* v. *State*, 88 *Ga.* 584 (15 S. E. 455) ; *Harris* v. *State*, 110 *Ga.* 887 (36 S. E. 232) ; *Arrington* v. *State*, 148 *Ga.* 115 (95 S. E. 980) ; *Cowan* v. *Atlanta*, 177 *Ga.* 470 (170 S. E. 356). It is unnecessary that any ruling be made on other constitutional attacks made on the act.

It was error to sustain the general demurrer of the defendants.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*