## ADAMS *et al.* *v.* CITY OF CORNELIA *et al.*

No. 17012. MARCH 13, 1950. REHEARING DENIED MARCH 27, 1950.

688

*Logan & Scott* and *Wheeler, Robinson & Thurmond,* for plaintiffs.

*Kimzey & Kimzey, Kimzey & Crawford,* and *J. Herbert Griggs,* for defendant.

WYATT, Justice. The caption of the act here in question reads as follows: "An Act to amend an Act entitled 'An Act to incorporate the Town of Cornelia, in the County of Habersham, and to grant election powers and privileges to the same, and for other purposes,' approved October 22, 1887 (Ga. L. 1887, pp. 571-573), as amended by an Act entitled 'An Act to amend the charter of Cornelia by amending the Acts of 1887 and all amendments thereto enacted changing the name and date of holding elections, time, manner and installation of officers and to divide the city into wards,' approved August 17, 1918 (Ga. L. 1918, pp. 627-630), as amended by an Act entitled 'An Act to amend the charter of the City of Cornelia, to abolish the office of Mayor and Councilmen and certain other offices of said city

created by legislative enactment, to provide for a commission manager form of government for said city, and for other purposes' . . and as amended by all other Acts amendatory thereto, by increasing the size or area of the City of Cornelia to include all territory within a radius of one and one-fourth miles from the present center of said municipality, by providing for the approval of such change by an election; and for other purposes."

Section 1 of the Act provides as follows:

"From and after the approval of this Act the charter of the City of Cornelia is hereby amended by striking therefrom the provision 'with the corporate limits of said town extending three-fourths of one mile in every direction from the depot of the Atlanta and Charlotte division of the Richmond and Danville Railroad Company in said town,' appearing on page 571, Georgia Laws, 1887, and wherever else a similar provision may appear and by substituting in lieu thereof the following provision: The territory comprising the City of Cornelia in Habersham County, Georgia, shall be all lands or territory lying within a radius or distance of one and one-fourth miles in every direction from the present center of said municipality, the center being a point near the present Southern Railway Company depot, except such territory or lands as are now included within the corporate limits of the Towns of Baldwin and Mount Airy. The corporate limits of the City of Cornelia shall be a circle with a radius of one and one-fourth miles, except that in areas within said circle now included within the corporate limits of the Towns of Baldwin and Mount Airy, the City of Cornelia shall have common corporate limits with each of said other municipalities."

The petition attacked the act because it is alleged that the act contains matter in the body different from that contained in the caption, in violation of art. 3, sec. 7, par. 8 of the Constitution of the State of Georgia.

The application of this constitutional provision has been the question presented to this court in many cases. There is a long line of decisions by this court to the effect that the clause, "and for other purposes," contained in the caption of an act of the legislature, will include almost any provision of the act consistent with the general purpose of the act as amended. We deem it unnecessary to list all these authorities here. A very

full discussion of this question will be found in *Mayor & Council of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247).

There is another lengthy line of decisions by this court to the effect that a provision in the caption of an act of the legislature, simply describing the act as one to amend a designated act, is sufficient to permit any provision in the act not inconsistent with the original act to be amended. A discussion of this proposition will be found in *Holland* v. *State,* 155 *Ga.* 795 (118 S. E. 203).

These cases do not control the question here presented. This court, discussing the question here raised in *Prothro* v. *Orr,* 12 *Ga.* 36, 41, said: "Had the title been general—as for instance, an act in relation to the public officers, or for the particular objects designated, *and for other purposes*— the construction would have been different. But here the title is *definite,* and therefore necessarily limited. And to permit other and totally different matter to be incorporated, would be to let in the very mischief intended to be prevented; and thus render the Constitution of none effect."

The caption of the act of the legislature here in question could hardly be more definite. The caption reads, "by increasing the size or area of the City of Cornelia to include *all* territory within a radius of one and one-fourth miles from the present center of said municipality." It will be noted that the caption says *"all* territory" within the one and one-fourth miles radius shall be included. The body of the act provides that all territory within the one and one-fourth miles shall be included, "except such territory or lands as are now included within the corporate limits of the Towns of Baldwin and Mount Airy."

We are familiar with the decisions of this court to the effect that the larger includes the smaller when the caption of the act deals with a subject-matter such as the power to do a given thing. The general power necessarily includes the incidental powers. Here we do not have that kind of a situation. The sole subject dealt with is territory to be included within the corporate limits of the City of Cornelia. When the caption of the act describes one area or territory, and the body of the act another area or territory, whether it be larger or smaller, the body of the act contains a subject-matter totally different from that

contained in the caption, and is therefore in violation of the provisions of the Constitution here involved. As was said in the *Prothro* case, supra, which was quoted with approval in *Bray* v. *East Point*, 203 *Ga.* 315 (46 S. E. 2d, 257), "to permit other and totally different matter to be incorporated would be to let in the very mischief intended to be prevented."

The members of the General Assembly, as well as interested parties, are entitled to be put on notice from the caption what is about to be done by the act. If the attack on this act should not be sustained, there is no reason why an act of the General Assembly with a caption to the effect that the limits of a city would be extended to take in "all territory" within a radius of one mile, could not then in the body of the act simply take in the property of only one or a few people. This would establish a very dangerous precedent.

It is argued that, because of the fact the territory excluded in the body of the act is located in other towns, a different finding would be required from what has been announced above. We find no authority, and none has been cited, to sustain this contention. We know of no reason why this fact should make any difference.

It follows that the trial court erred in sustaining a demurrer to the petition in so far as it raised the constitutional question here under consideration. All that happened thereafter was nugatory.

Since, under the ruling here made, the act in question must fall, it becomes unnecessary to decide the other questions raised.

*Judgment reversed. All the Justices concur.*