24218. GRIFFITH et al. v. MERRITT et al.

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 11, 1967.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., John D. Hemingway,* for appellants.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, Jr., Denmark Groover, Jr., Buckner F. Melton,* for appellees.

ALMAND, Presiding Justice. Prior to March 17, 1967, the charter of the City of Macon, under the provisions of Sec. 12 of the Act of 1927 as amended and re-enacted by the Act of 1953 (Ga. L. 1953, Nov. Sess., p. 2983), provided for the term of office of the mayor and fixed it at four years, but a person

"elected as mayor for a four year term shall not be eligible to succeed himself until there shall have been an intervening lapse of four years."

On March 17, 1967, there was approved an Act of the General Assembly (Ga. L. 1967, p. 2180), the title of which reads as follows: "An Act to amend an Act entitled 'An Act to re-enact the charter of the City of Macon contained in the Act approved August 17th, 1914, together with the Acts amending same, passed since 1914, with certain changes in said Acts; to consolidate into one Act, with such changes as may have become necessary or proper, all the Acts constituting the charter of the City of Macon and relating to the rights, powers, and duties of said corporation; to amend the said Act of 1914 and the Acts amendatory thereof; and for other purposes.', approved August 3, 1927 (Ga. L. 1927, p. 1283), as amended, so as to change the provisions relating to the number of wards within said city; to change the provisions relating to the ward limits; to provide for nomination of candidates for mayor and aldermen of the City of Macon and for other city officers; to change the provisions relating to the election of the mayor and aldermen; *to provide that the mayor shall be eligible to succeed himself for one term;* to change the provisions relating to the compensation of the mayor; to change the provisions relating to the compensation of the aldermen of the City of Macon; to change the provisions of election of the board of water commissioners; to provide for all procedures and matters connected with the foregoing; to repeal conflicting laws; and for other purposes." (Emphasis supplied).

This Act repealed Sec. 12 of the Act of 1953 referred to above and enacted the following: "Section 12. Mayor and Aldermen: election of. (a) On the Tuesday following the first Monday in November, 1967, and on said date quadrennially thereafter, there shall be an election at which there shall be elected the aldermen who shall constitute a council and who shall each serve for a term of four years and until ther [sic] successors are duly elected and qualified. Of the aldermen of the City of Macon, an equal number shall reside in each of the wards of said city, and at all city elections, the polls shall open at seven o'clock a.m. and close at seven o'clock p.m.

"(b) On the Tuesday following the first Monday in November, 1967, and on that date quadrennially thereafter, there shall be an election of a mayor who shall serve for a term of four years, and until his successor is duly elected and qualified. The rules applicable to the election of aldermen shall apply to the election of a mayor; provided, *however, that a person elected as mayor for two successive four-year terms shall not be eligible to succeed himself after the second term until there shall have been an intervening lapse of four years.*

"(c) Notwithstanding any other provisions of the charter of the City of Macon, *the present mayor shall not be eligible to succeed himself for one four-year term in addition to the term he is now serving.*" (Emphasis supplied).

The statement of the case in appellants' brief is so accurate and complete that we adopt it here:

"On June 5, 1967, B. F. Merritt, Jr. and five other individuals, as duly qualified electors of the City of Macon, filed an action in the Superior Court of Bibb County against Arthur Griffith, Jr. and various other individuals in their representative capacities as members of the Democratic Primary Committee and the Executive Committee of the Democratic Party, the Clerk of Council of the City of Macon, the City Primary Committee, the Election Board, and the candidate for the Democratic nominee for the office of mayor of the City of Macon. Count one of this action sought a mandamus against the defendants representing the Democratic Party requiring them to qualify B. F. Merritt, Jr., the incumbent mayor of the City of Macon, as a candidate for the office of mayor in the Democratic primary, to place his name on the ballot as such candidate and to permit his participation in the primary as such candidate. A mandamus was sought also against the defendants composing the Election Board and against the Clerk of Council of the City of Macon requiring them to place the name of B. F. Merritt, Jr. on the general election ballot as a candidate for mayor if he was successful in the Democratic primary, to canvass the votes cast for Merritt in the general election, and to certify Merritt as the duly elected mayor of the City of Macon if he was the successful candidate in the general election.

"Count two of the action sought temporary and permanent injunctive relief against the various defendants seeking, in general terms, to enjoin the respective defendants from refusing to qualify B. F. Merritt as a candidate for mayor, from refusing to place his name on the ballot, from refusing to allow his participation in the election, and refusing to certify his successful election, all such relief sought pertaining to both the Democratic primary and the general election. Further, injunctive relief was sought against the various Democratic party committees seeking to restrain the closing of the entries for candidates for nomination for mayor in the September Democratic Primary.

"Count three of plaintiffs' petition sought a declaratory judgment determining the validity of the statute above referred to (Ga. L. 1967, p. 2180) and specifically the validity of section 12 (c) thereof, as well as the rights of B. F. Merritt, Jr. in the premises. Injunctive relief, similar to that sought in count two, was petitioned for pending the determination of the rights of Merritt." The only reason for the rejection of plaintiff Merritt's efforts to qualify as a candidate for mayor was the contention that under the charter of the City of Macon as amended in 1967 he could not succeed himself.

"The allegations of plaintiffs' petition are basically the same in each of the three counts and show that B. F. Merritt, Jr. is the incumbent mayor of the City of Macon, that the qualifying dates for candidates in the Democratic primary extend from May 29, 1967, to 5:00 o'clock p.m. on June 12, 1967, that the Democratic Party representatives refused to accept B. F. Merritt, Jr. as a qualified candidate for mayor and refused to place his name on the ballot, and that the same action will be taken in regard to the general election to be held in November. Further, the petition alleges that section 12 (c) of the statute referred to above declaring the present mayor ineligible to succeed himself is invalid as a violation of Art. III, Sec. VII, Par. VIII of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-1908) as containing matter different from what is expressed in the title thereof, as a violation of Art. I, Sec. I, Par. II of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-102) and the 14th Amendment of the Constitution of the

United States as not granting to Merritt the equal protection of the law, and as a violation of that part of Art. I, Sec. X, Par. I of the Constitution of the United States and Art. I, Sec. III, Par. II of the Constitution of the State of Georgia of 1945 prohibiting the passage of a Bill of Attainder.

"On June 5, 1967, the judge of the superior court passed an order requiring the various defendants to show cause on June 15, 1967, why a mandamus absolute should not be issued against them, setting a hearing on the same date for defendants to show cause why prayers for temporary and injunctive relief should not be granted, and temporarily restraining the Democratic Primary Committee, the Executive Committee and City Primary Committee from closing entries for candidates for mayor in the September, 1967, Democratic Primary, from preparing a ballot for such primary without the name of B. F. Merritt, Jr. on it, and from conducting such primary without permitting Merritt to participate therein as a candidate.

"To the petition, defendants composing the County Executive Committee of the Democratic Party filed demurrers, the first and second as general demurrers on general grounds, the third as a general demurrers on the basis of the validity of the statute attacked, the fourth as a general demurrer on the ground that section 12 (b) and section 12 (c) of the statute attacked cannot be severed so that the petitioner Merritt would still be barred from succeeding himself in office under the law which would still be in force if the present statute were held to be invalid, and the fifth as a general demurrer on the ground of the lack of standing of Merritt to attack the 1967 statute because of the continuance of the former prohibition against his succession arising from the simultaneous repeal and re-enactment of the prior prohibition.

"No issues of fact were raised by the answers of the defendants and the matter came on for a hearing on the demurrers on June 15, 1967. On June 23, 1967, the court passed an order striking Edgar H. Wilson, the qualified candidate for the Democratic primary, as a party defendant, overruling the demurrers of defendants Arthur Griffith, Jr. et al., granting the mandamus absolute, and restraining the defendants in accordance with the prayers of count two of plaintiffs' petition. The defendants,

Arthur Griffith, Jr. et al., filed their notice of appeal on June 27, 1967, to the judgment of the Superior Court of Bibb County, Georgia, dated June 23, 1967.

"The issues of law which present themselves for determination arise from the overruling of defendants' demurrers, the granting of the writ of mandamus and the granting of the injunction against the defendants. They are better indicated in the form of questions to be answered by this court as follows: (1) Does that portion of section 3 of the Act of 1967 (Ga. L. 1967, p. 2180) designated as section 12 (c) violate the constitutional requirement found in Article III, Section VII, Paragraph VIII of the Constitution of the State of Georgia of 1945 (Code Ann. § 2-1908), in that it contains matter different from that contained in the title of the Act?

"(2) Can that portion of section 3 of the Act of 1967 (Ga. L. 1967, p. 2180) designated as section 12 (c) be severed from that portion designated as section 12 (b) so that section 12 (c) can be held invalid while section 12 (b) is held to be valid?

"(3) Does that portion of section 3 of the Act of 1967 (Ga. L. 1967, p. 2180) designated as section 12 (c) violate the constitutional requirements found in Article I, Section I, Paragraph II of the Constitution of the State of Georgia of 1945 (Code Ann. § 2-102) and the 14th Amendment of the Constitution of the United States in that it denies to petitioner, B. F. Merritt, Jr., the equal protection of the laws?

"(4) Is section 12 (c) of the amended charter of the City of Macon (Ga. L. 1967, p. 2180) a Bill of Attainder in violation of Article I, Section X, Paragraph I of the Constitution of the United States and Article I, Section III, Paragraph II of the Constitution of the State of Georgia of 1945?

"(5) Does B. F. Merritt, Jr. have any standing in court to attack the constitutionality of that portion of section 3 of the 1967 Act, (Ga. L. 1967, p. 2180) designated as section 12 (c) under the rule of law that the simultaneous repeal and re-enactment of the provisions of an existing statute results in a continuance of the prior provisions of the law?"

After a consideration of all the issues in this case, we are of the opinion it is only necessary that we decide the issues presented in questions 1, 2 and 5.

█ · Article III, Section VII, Paragraph VIII of the Georgia Constitution (*Code Ann.* § 2-1908) provides: "No law shall pass which . . . contains matter different from what is expressed in the title thereof."

The title of the 1967 Act amending the charter of the City of Macon (Ga. L. 1967, p. 2180), in addition to dealing with the election of the mayor and aldermen, deals with five other matters affecting the city government. Under the charter as it stood prior to the 1967 amendment, a mayor was ineligible to succeed himself. In the title of the 1967 Act amending the charter, it was provided that "the mayor shall be eligible to succeed him-self·for one term." The body of the 1967 Act repeals the pro-visions of the charter making the mayor ineligible to succeed himself by providing in Sec. 12 (b), "that a person elected as mayor for two successive four-year terms shall not be eligible to succeed himself after the second term until there shall have been an intervening lapse of four years," and in Sec. 12 (c) that "notwithstanding any other provisions of the charter of the City of Macon, the present mayor shall not be eligible to succeed him-self for one four-year term in addition to the term he is now serving." The title of the Act deals specifically, not generally, with the election of the mayor and the term of his office. To permit "other and totally different matter to be incorporated, [in the body of the Act] would be to let in the very mischief in-tended to be prevented; and thus render the Constitution of none effect." *Prothro v. Orr*, 12 Ga. 36, 42. "Where the title of an Act purports to enumerate the land lots and parts of land lots included in the territory to be annexed to a city, and the body of the Act, describing the annexed territory, includes parts of two land lots omitted from the title, the Act violates the constitutional prohibition against the passage of legislation which 'contains matter different from what is expressed in the title,' and is void." *Bray v. City of East Point*, 203 Ga. 315 (46 SE2d 257).

In *Adams v. City of Cornelia*, 206 Ga. 687, 689, 690 (58 SE2d 398), the title of an Act amending the charter of the City of Cornelia provided for an increase in "the size or area of the City of Cornelia to *include all territory within a radius of one and one-*

*fourth miles from the present center of said municipality"* while the body of the Act provided that the territory comprising the City of Cornelia "shall be all lands or territory lying within a radius or distance of one and one-fourth miles in every direction from the present center of said municipality, the center being a point near the present Southern Railway Company depot, *except such territory or lands as are now included within the corporate limits of the Towns of Baldwin and Mount Airy."* (Emphasis supplied). In holding that the body of the Act contained matter different from that contained in the title, this court said: "We are familiar with the decisions of this court to the effect that the larger includes the smaller when the caption [title] of the Act deals with a subject matter such as the power to do a given thing. The general power necessarily includes the incidental powers. Here we do not have that kind of a situation. The sole subject dealt with is territory to be included within the corporate limits of the City of Cornelia. When the caption of the Act describes one area or territory, and the body of the Act another area or territory, whether it be larger or smaller, the body of the Act contains a subject matter totally different from that contained in the caption, and is therefore in violation of the provisions of the Constitution here involved."

We are of the opinion that Sec. 12 (c) of the Act of 1967 contains matter different from that contained in the title of the Act and violates the cited section of the Georgia Constitution.

■ The appellants contend that if Subsec. (c) of Sec. 12 is invalid, then, of necessity, Subsec. (b) of the same section must be declared invalid. The rule of severability and non-severability where the statute, as here, contained no severability clause is stated in *Bennett v. Wheatley,* 154 Ga. 591, 595 (115 SE 83) as follows: "If the statute is in part constitutional and valid, and in part unconstitutional and invalid, and the objectionable portion is so connected with the general scheme that, should it be stricken out, effect cannot be given to the legislative intent, the whole statute, section, or portion must fall; but where an Act cannot be sustained as a whole, the courts will uphold it in part, when it is reasonably certain that to do so would correspond with the main intent and purpose which the

legislature sought to accomplish by its enactment, if, after the unconstitutional part is stricken, there remains enough to accomplish that purpose. An Act can be pro tanto unconstitutional."

Where an Act is partially unconstitutional because of containing provisions in the body of the Act not referred to in the title, the whole Act is not rendered inoperative if the legislative scheme is not defeated by the elimination of the unconstitutional part. *Hancock v. State,* 114 Ga. 439 (2) (40 SE 317) ; *Whittendale v. Dixon & Bro.,* 70 Ga. 721 (2) ; *Prothro v. Orr,* 12 Ga. 36, supra.

In the instant case the title of the Act in question declares the intent and purpose of the Act is "to provide that the mayor shall be eligible to succeed himself for one term." Section 12 (b) of the Act expressly carries out this purpose, but Sec. 12 (c) denies the right of the present mayor to succeed himself for one term. To remove Sec. 12 (c) from the Act not only leaves Sec. 12 (b) unaffected but confirms the intent of the legislature in the body of the Act in accordance with the purpose expressed in the title of the Act.

■ The appellants contend that the appellee, incumbent mayor, is limited to one term and the 1953 charter provisions (Ga. L. 1953, Nov. Sess., p. 2983) pertaining to succession to the office of mayor were not changed by the 1967 Act. The basis of this contention is that the 1967 Act repealed Sec. 12 of the Act of 1927 as amended by the 1953 Act and at the same time re-enacted the same provisions and that the re-enactment neutralized the repeal, leaving in force the old law which prohibited the mayor from succeeding himself. *Sayer v. Brown,* 119 Ga. 539, 546 (46 SE 649).

With this contention we cannot agree. Section 12 of the Act of 1927 as amended by the 1953 Act (Ga. L. 1953, Nov. Sess., p. 2983) provides that on the second Tuesday in November of 1955 and every four years thereafter, there shall be an election for mayor who shall serve for a term of four years and shall not be eligible to succeed himself. The 1967 Act (Ga. L. 1967, p. 2180) expressly repealed Sec. 12 of the 1953 Act and enacted a new Sec. 12 which provides that on Tuesday following the first Monday in November of 1967 and every four years thereafter,

there shall be an election for mayor who shall serve for a term of four years and shall be eligible to succeed himself for one term. Section 12 (b) of the 1967 Act does not re-enact the prohibition against a second successive term that was contained in Sec. 12 of the 1953 Act. The 1967 Act removed this prohibition by permitting a second successive term. Further, the November election is by virtue of the 1967 Act and not the 1953 Act.

The court did not err in overruling the general demurrers. The case being submitted by stipulation of the parties for decision by the court upon the pleadings, the court did not err in granting mandamus absolute and injunctive relief as prayed.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. 1. That the provision prohibiting the present mayor from succeeding himself, although not mentioned in the caption, does not offend the invoked constitutional provision and is valid is in harmony with *Richardson v. Mayor &c. of Macon*, 132 Ga. 122 (63 SE 790), and *Wilson v. Mayor &c. of Dalton*, 135 Ga. 240 (69 SE 163). The decision in the *Richardson* case, supra, was in answer to a certified question from the Court of Appeals and involved amending the charter of Macon. It would seem that we should abide by our instructions to that court.

2. I believe it is impossible for any judge to know if the legislature desired to have the remainder of the Act to stand if the provision therein prohibiting the present mayor from succeeding himself should be stricken. Indeed the language of the Act definitely points to the contrary. Therefore, the ruling that that clause is unconstitutional demands that the entire Act fall with it.