## S91A1450. FULTON et al. v. BAKER et al.
(410 SE2d 735)

FLETCHER, Justice.

Laurie Fulton filed this action seeking an injunction and a judgment declaring unconstitutional a provision of a local act that makes temporary her appointment as a member of the Board of Commissioners of Douglas County ("Commission"). The trial court rejected her challenge and ordered the local board of elections to call a special election to select a new commissioner. Because section 2 of the local act is a bill of attainder prohibited by both the Georgia and United States constitutions, we reverse.

Douglas County voters elected Bob Arnold to the Commission in 1990 to serve a two-year term of office ending on December 31, 1992. His death on January 28, 1991 created a vacancy on the Commission. A legal notice was published on February 8, 1991, announcing the in-

---

tention to introduce local legislation that would change the method of filling Commission vacancies. The two remaining Commission members appointed Fulton to Arnold's unexpired term on February 11, 1991, as provided by existing law. The local bill was introduced in the General Assembly on February 12, 1991 and was passed and became effective on February 25, 1991. The Commission chairman notified Fulton that the new act required the county to hold a special election to fill the unexpired term of the office she occupied. Asserting the validity of her appointment, she requested that the Commission challenge the local act.

The other Commission members joined Fulton in suing Probate Judge James Baker, the superintendent of elections, and other defendants. The trial court denied the request for an injunction, holding that the local act did not violate the Georgia or Federal constitutions and that OCGA § 1-3-11 did not apply because Fulton was an appointed official. Fulton remains in office pending the outcome of this appeal.

The section of the local act that Fulton challenges provides:

> Section 2. The provisions of this Act shall apply with respect to any vacancy occurring on or after January 1, 1991. If as of the effective date of this Act any person has been appointed to fill any such vacancy in the manner provided by prior law, the person so appointed under prior law shall serve only temporarily until such time as such vacancy is filled in the manner specified in this Act; and the person so appointed under prior law shall thereafter cease to serve.

Ga. L. 1991, pp. 3501, 3502.

Fulton asserts that this section is unconstitutional under Art. I, Sec. I, Par. X of the Georgia Constitution. It states that "[n]o bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." Ga. Const., Art. I, Sec. I, Par. X (1983).[1] The provision has been part of the State Constitution since 1877. See Ga. Const., Art. I, Sec. I, Par. VII (Code § 2-107) (1976); Ga. Const., Art. I, Sec. III, Par. II (Code § 2-302) (1945); Ga. Const., Art. I, Sec. III, Par. II (Code § 2-302) (1877).

The Federal Constitution similarly proscribes Congress and the states from passing a bill of attainder or ex post facto law. U. S.

---

[1] The 1983 Constitution made no substantive changes to a similar provision in the 1976 Constitution. The primary difference is that the words "Bill of" were added prior to "Attainder" in the caption. See Transcript of Meetings, Select Committee on Constitutional Revision, Legislative Overview Committee, Vol. I, June 4, 1981, p. 37.

Const., Art. I, Sec. IX; U. S. Const., Art. I, Sec. X. Prohibited as bills of attainder are "legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." *United States v. Lovett*, 328 U. S. 303, 315-316 (66 SC 1073, 90 LE 1252) (1946).[2]

We find that section 2 of the local act meets the definition of a bill of attainder. First, the provision applies to a limited class of easily identifiable individuals. It affects exclusively persons that the Douglas County commissioners appoint between January 1, 1991 and February 25, 1991 to fill a vacancy on the Commission. The only person meeting that criteria is Fulton, whom the commissioners appointed one day prior to the introduction of the act in the General Assembly.

Second, the act inflicts punishment in a "trial by legislature."

"The deprivation of any rights, civil or political, previously enjoyed, may be punishment, the circumstances attending and the causes of the deprivation determining this fact. Disqualification from office, . . . from the pursuits of a lawful avocation, or from positions of trust, . . . may also, and often has been, imposed as punishment."

*United States v. Brown*, 381 U. S. 437, 442 (85 SC 1707, 14 LE2d 484) (1965), quoting *Cummings v. Missouri*, 71 U. S. 277 (4 Wall. 277, 320, 18 LE 356) (1866). Thus, the Supreme Court has struck down laws that bar designated individuals from holding certain jobs or offices because the laws are punishment imposed on persons "legislatively branded as disloyal." *Nixon v. Administrator of General Services*, 433 U. S. 425, 474 (97 SC 2777, 53 LE2d 867) (1977); see *Crain v. City of Mountain Home*, 611 F2d 726, 729 (8th Cir. 1979) (holding city ordinance that removed city attorney from office for remainder of his term unconstitutional as a bill of attainder).

Like the city ordinance in *Crain,* the local act in this case punishes Fulton by removing her from office before the end of the two-year term to which she was legally appointed and inflicts this punishment "without a judicial trial." The local act, not a court of law, mandates that Fulton forfeit her office. When the General Assembly passed this act, Fulton was the only person who could be punished by removal from office.

In keeping with the state constitutional prohibition against bills of attainder, the General Assembly in the past has attempted expressly to prevent local legislation from changing the length of an ex-

---

[2] For a case tracing the history of bills of attainder, see *In re Advisory Opinion (Chief Justice)*, 507 A2d 1316 (R.I. 1986).

isting, elective office. Both the 1976 and 1945 State constitutions specifically prohibited abolishing an elective office during its term. They stated:

> No office to which a person has been elected shall be abolished, nor the term of the office shortened or lengthened by local or special bill during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question.

Ga. Const., Art. III, Sec. VII, Par. IX (Code § 2-1309) (1976); Ga. Const., Art. III, Sec. VII, Par. XV (Code § 2-1915) (1945). This same provision, although no longer found in the State Constitution, is a part of the Georgia Code. See OCGA § 1-3-11 (1990).[3] Relying on legislative history, we have found it was enacted "to correct an evil often practiced in this state, i.e., the use of local legislation specifically directed to amending or abolishing the term of a specified elective office to remove an incumbent or prolong his tenure." *City of Mountain View v. Clayton County*, 242 Ga. 163, 166 (249 SE2d 541) (1978). This legislative history reaffirms both the recognized need for the constitutional prohibition against bills of attainder and its application to this action.

Since section 2 of the local act is a classic example of a bill of attainder, we hold that it is unconstitutional under both the Georgia and United States constitutions.[4] Accordingly, Fulton's term of office may not be terminated under the act prior to the expiration of her appointed term on December 31, 1992.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 27, 1991.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Sidney P. Wright, Jeffrey W. Melcher,* for appellants.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Parker, Johnson, Cook & Dunlevie, William C. Tinsley II,* for appellees.

*Sewell R. Brumby, David R. Brundrick, Douglas O. Carlyle,*

---

[3] Because Fulton does not raise the issue on appeal, we do not address whether OCGA § 1-3-11 refers to any elective office to which persons are elected or appointed or only to an elected official, as the trial court held.

[4] Our holding that section 2 is unconstitutional does not invalidate the rest of the act. See *City Council v. Mangelly*, 243 Ga. 358 (254 SE2d 315) (1979); *Griffith v. Merritt*, 223 Ga. 562, 569-570 (157 SE2d 23) (1967). Therefore, if Fulton were to be legally recalled or vacate her office for any reason, the remaining provisions of the act would apply to her successor.